IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA,
GREAT FALLS DIVISION

| | |
|---|---|
| AUDREY TURNER, VICKY BYRD, JENNIFER TANNER, LINDA LARSEN, PAUL LEE, BRANDI BRETH, KATE HOULIHAN and BARB MOSER,<br><br>     Plaintiffs,<br><br>   vs.<br><br>NORTHERN MONTANA HOSPITAL, a Montana Nonprofit Corporation, ST. PETER'S HOSPITAL,  a Montana Nonprofit Corporation, BOZEMAN DEACONESS HEALTH SERVICES, a Montana Nonprofit Corporation, RCHP BILLINGS-MISSOULA, LLC, d/b/a COMMUNITY MEDICAL CENTER, a Delaware Limited Liability Corporation, and BILLINGS CLINIC, a Montana Nonprofit Corporation,<br><br>       Defendants. | Cause No. CV-17-00141-GF-BMM<br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

Based upon the Defendants' Unopposed Motion for Entry of Stipulated

Protective Order and good cause appearing, the Court hereby enters this Stipulated

Protective Order, which shall govern the handling of documents, depositions,

deposition exhibits, responses to any discovery requests, including responses to

interrogatories, document requests and requests for admissions, inspections, examinations of premises, facilities and physical evidence, and any other information produced, given or exchanged by and among the parties and non-parties to this action.

Plaintiffs' First Amended Complaint includes claims for accounting and violations of ERISA duties.  Defendants deny all material allegations of these claims.  Some of the information the parties may seek or develop through discovery in this case may contain or consist of information that the party producing or developing will claim is confidential, proprietary or trade secret information, and, therefore entitled to protection under one or more of the provisions of Fed. R. Civ. P. 26(c).

Nothing in this Order or the parties' agreement to or request for entry of this Order is intended, nor shall it be construed, as either a waiver or an admission that any documents or information are admissible or contain confidential information. This Order and the parties' agreement thereto is simply a procedural framework to facilitate the discovery processes and/or to provide protections concerning documents and information exchanged between and among the parties and non-parties in this case.   No part of this Order or the parties' agreement to entry of this Order shall be used in this action or in any other action as evidence that any party has either waived or admitted to any claims solely by virtue of the act of designating documents or information as confidential or personal.  The parties

have agreed and this Order is entered in order to facilitate the efficient production of information that the producing party may claim is entitled to confidential treatment, while at the same time protecting the parties' interests in the confidential treatment of that information and the full and fair disclosure of discoverable information.

## <u>DEFINITIONS</u>

For the purposes of this Order, the following definitions shall apply:

**"<u>Discovery Material</u>"** means all documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests and requests for admissions, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties and non-parties to this action.

**"<u>Confidential Discovery Material</u>"** means Discovery Material designated as "Confidential" under the terms of this Order.

**"<u>Producing Party</u>"** means any party or non-party to this action producing Discovery Material.

**"<u>Designating Party</u>"** means any Producing Party or other party to this action who wishes to designate or has designated Discovery Material as Confidential Discovery Material.

**"Attorneys' Eyes Only Information"** is a subcategory of and included within "Confidential Discovery Material" and further means each page of the private confidential business or financial-related documents identified in good faith by a party to this Agreement and stamped or designated "Attorneys' Eyes Only Information."

## PROVISIONS

**Discovery Material.**

1.     Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order.  The burden shall be on the Designating Party to demonstrate, when and if challenged, that such Discovery Material contains information that requires the protections provided in this Order.  Subject to the foregoing, Confidential Discovery Material may include, but is not limited to, the following types of information.

     A.     Non-public revenue, cost, income, pricing, margin, profit, loss, income statement, balance sheet, cash flow, sources and uses of cash, change in shareholder equity or other non-public financial data, including financial projections and forecasts containing such data;

B.      Non-public information related to employee benefit plans, including health benefit plans and all related non-public financial and participant information.

C.      All contracts, agreements, communications and related information that are confidential, private or subject to non-disclosure agreement or otherwise.

D.      Any material constituting a trade secret, including, without limitation, product specifications, product designs, product development plans, research and development plans and data, market surveys and analyses, customer lists, customer profiles, customer complaint and satisfaction information and the like;

E.      Non-public studies or analyses by internal or outside experts or consultants (excluding testifying experts in this case); and

F.      Any other material qualifying for protection under Fed. R. Civ. P. 26(c).

2.      Confidential Discovery Material, and information derived therefrom, shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

**Designation Procedure**

3.    The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Designating Party:

A.    In the case of documents (apart from recorded testimony), by stamping each and every page to be designated "Confidential" with the applicable legend "Confidential."

B.    In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said testimony is "Confidential."  Such testimony may also be designated by written notice from counsel for the Designating Party to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified and the classification assigned.  To be effective, such notice must be sent within twenty-one (21) days of the date on which the reporter mails a copy of the transcript to counsel for the Designating Party, or, if such counsel has not ordered a transcript, within twenty-one (21) days of the date that the reporter notifies counsel that the original transcript is available for review.  In either event, counsel shall direct the court reporter and/or counsel to affix the appropriate confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript, and those

portions of the transcript so designated shall be deemed Confidential Discovery Material.

C.     In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement of counsel during the interview in the presence of other counsel attending, if any, and, following the interview, by a letter to such counsel, if any, that such interview or any portion thereof is "Confidential."

D.     In the case of any other production of Discovery Materials not otherwise specifically identified above, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, that such Discovery Material or any portion thereof is "Confidential."

E.     The parties may modify the procedures set forth in paragraphs 3(B)-(C) hereof through agreement of counsel on the record at such deposition or, in the case of an interview, in the presence of counsel attending such interview, without further order of the Court.

**Confidential Material.**

4.     Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

A.      The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

B.      Any named party, outside counsel to such parties whether or not they have entered appearances in this action, in-house counsel for the corporate parties herein, and legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

C.      Experts or consultants retained by counsel in connection with this action in accordance with the terms of paragraph 6;

D.      Deposition witnesses questioned by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness signs an Undertaking in the form attached as Exhibit 1 and thereby agrees to be bound by the terms of this Agreement, or (ii) if such witness refuses to sign an Undertaking, and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness and the witness acknowledges that the information to be communicated is Confidential, subject to this Order, may be used only in connection with that deposition and may not be communicated to any other

person, that the witness is subject to this Order and that any misuse of the Confidential Discovery Material will violate this Order and may subject the individual to civil liability for such disclosure.

E.     An author or recipient of the Confidential Discovery Material to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such author or recipient signs an Undertaking in the form attached as Exhibit 1 and understands he/she is bound by the terms of this Order.

F.     The claims counsel or representative of any insurer of any party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action, and provided that such claims counsel or representative signs an Undertaking in the form attached as Exhibit 1 and understands he/she is bound by the terms of this Order.

G.     Any individual identified by a party as a person with knowledge of the facts of the case, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such

person signs an Undertaking in the form attached as Exhibit 1 and understands he/she is bound by the terms of this Order.

   H. "Attorneys' Eyes Only Information" shall only be disclosed to the following:

     (1) Counsel of record for a party;

     (2) Legal support staff under direct supervision of the parties' counsel of record;

     (3) A parties' properly qualified expert or consultant who is not a business competitor to any of the Defendants.  For purposes of this Order, "business competitor" means a "health care facility" as defined in Mont. Code Ann. § 50-5-101(26) within the geographical boundaries of Montana.

All other terms of the Order also apply to "Attorneys' Eyes Only Information."

**<u>Designation Disputes</u>.**

   5. If any party objects to the designation of any Discovery Materials as "Confidential," the parties shall attempt to resolve the dispute in good faith on an informal basis.  If they are unable to resolve the dispute informally, the Designating Party may, within 30 days after the objecting party notifies it in writing that the parties have reached an impasse, move for a declaration of

confidentiality in accordance with United States District Court, District of

Montana, Local Rule 26.4, with respect to such discovery materials.  If the

Designating Party makes such a motion, the Discovery Material shall continue to

be deemed "Confidential," under the terms of this Order, until the Court rules on

such motion.  In any proceeding to retain a Confidential Discovery Material

designation, or to change the designation of any such material, the burden shall be

upon the Designating Party to sustain the burden of establishing the

appropriateness of the classification.  If the Court denies the motion or the motion

is not made within 30 days after the objecting party notifies the Designating Party

in writing that the parties have reached an impasse, the material shall cease to have

the protection described in this Order.  A dispute concerning confidentiality shall

not otherwise impede the progress of discovery.

**Use of Confidential Discovery Material.**

6.    Confidential Discovery Material may be disclosed to any expert or

consultant retained by counsel in connection with this action only for the purpose

of enabling such expert or consultant to prepare a written opinion, to prepare to

testify and testify at trial, hearings or depositions herein, or to otherwise assist

counsel in the prosecution or defense of this action. Before receiving any such

material, such consultant or expert shall sign an Undertaking in the form attached

hereto as Exhibit 1, understanding he/she is bound by the terms of this Order

consenting to the jurisdiction of the Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder.

7.      No copies of Confidential Discovery Materials shall be made except by or on behalf of the persons listed in subsections (A) – (C) and (F) of paragraph 4, above.  To the extent such authorized persons require copies of Confidential Discovery Materials, any such copies shall be used solely for the purposes of this action and in accordance with the provisions of this Order.

When filing any documents that contain information designated as Confidential Discovery Material, the filing party shall file the documents in a manner that protects and preserves confidentiality.

8.      In the event that any Confidential Discovery Material is used in any court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information *in camera*.  No party, other than the party who designated the particular material as Confidential Discovery Material shall offer Confidential Discovery Material into evidence, or otherwise tender Confidential Discovery Material to the Court in any court proceeding, without first advising the Court and the Designating Party of its

intent to do so.  At that point, the Designating Party may seek such protection from the Court as it deems appropriate, including the exclusion of persons and witnesses from the Court and the sealing of the pertinent parts of the Court record. The use of Confidential Discovery Material in any court proceeding shall not limit in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of such material.

9.     Within sixty (60) days after receiving notice of the entry of an Order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material was disclosed, all persons having received Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Party or its counsel or destroy all such Confidential Discovery Material and, upon request, shall confirm in writing to the Designating Parties or their counsel that such destruction has occurred.  Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product that contain Confidential Discovery Material or references thereto; provided that such counsel and employees of such counsel, shall not disclose to any person nor use for any purpose unrelated to this action such court papers or attorney work product except pursuant to Court Order or agreement with the Designating Party.

10.     If any person receiving and in the possession, custody or control of Confidential Discovery Material is served with a subpoena, demand, or any other legal process seeking Discovery Material by one not a party to this action, the receiving party shall give prompt written notice, by hand or facsimile transmission within forty-eight (48) hours of its receipt of such subpoena, demand or legal process, to the Designating Party.  The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking Discovery Material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

11.     In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has been provided a copy of this Order.

12.     Neither this Order, the production or receipt of Confidential Discovery Material hereunder, nor otherwise complying with the terms of this Order, shall:

A.     Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents

or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

B.      Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

C.      Prejudice in any way the rights of any party to petition the Court for additional protection in the form of a more restrictive protective order relating to any confidential information the party asserts requires or should be subject to other or further protection;

D.      Prevent the parties from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

E.      Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential".

13.     Inadvertent or unintentional production of documents or information containing Confidential Discovery Material which should have been designated as "Confidential" shall not be deemed a waiver in whole or in part of the party's claim of confidentiality.

14.     Nothing in this Order shall prevent any party to this action from using, for any purpose, and in any manner, Confidential Discovery Material that such party produced and designated as Confidential Discovery Material in connection with this action.

15.     Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Montana Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

16.     After termination of this litigation, the provisions of this Order shall continue to be in effect subject to laws, constitutional provisions, and the Rules of Professional Conduct.  The Court shall retain and have jurisdiction over the parties and recipients of the Confidential Discovery Material for enforcement of this Order following termination of the litigation.

17.     This Order shall be binding upon the parties, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18.     Any sanctions or remedies for violation of this Order shall not include any determination on the merits of this case such as striking any claims in the

operative complaint, dismissal of the operative complaint, striking any affirmative defense(s) in the operative answer(s), or entry of default or default judgment.

DATED this 19th day of July, 2018.

Brian Morris
United States District Court Judge

## **EXHIBIT 1 TO CONFIDENTIALITY STIPULATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| AUDREY TURNER, VICKY BYRD, JENNIFER TANNER, LINDA LARSEN, PAUL LEE, BRANDI BRETH, KATE HOULIHAN and BARB MOSER, | Cause No. CV-17-00141-GF-BMM |
| Plaintiffs, | **DECLARATION OF** |
| vs. | _____ |
| NORTHERN MONTANA HOSPITAL, a Montana Nonprofit Corporation, ST. PETER'S HOSPITAL,  a Montana Nonprofit Corporation, BOZEMAN DEACONESS HEALTH SERVICES, a Montana Nonprofit Corporation, RCHP BILLINGS-MISSOULA, LLC, d/b/a COMMUNITY MEDICAL CENTER, a Delaware Limited Liability Corporation, and BILLINGS CLINIC, a Montana Nonprofit Corporation, | |
| Defendants. | |

I, _____, declare that:

1.   My address is _____.

2.   My present employer is _____.

3.   My present occupation or job description is _____.

4.  I have read and know the contents of the Stipulated Protective Order ("Order") entered by the Court in this case on or about _____, 2018.

5.  I am one of the persons described in the Order. I am executing this Declaration and understand that I am bound by the Order and must satisfy the conditions provided in the Order before the disclosure to me of any Confidential Information identified under the Order.

6.  I have read and understand I am bound by the terms of the Order.

7.  All documents and information which are disclosed to me pursuant to the Order shall be maintained by me in strict confidence and I shall not disclose or use the original or any copy of, or the subject of, such documents and/or information except in accordance with the Order.

8.  I shall not use or refer to any of the aforesaid documents and/or information, or copies thereof, other than in connection with the above-entitled action and as provided in the Order.

9.  I shall, upon being notified of the termination of the above-entitled action, return all copies of such documents to counsel from whom I received such documents, and I shall destroy any notes and/or memoranda I have regarding the aforesaid documents and/or information.

10. I do and shall subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be, for purposes of the enforcement of the Order.

11. I declare under penalty of perjury under the laws of the State of Montana that the foregoing is true and correct.

Dated: _____          By: _____