Robert J. Phillips
Brian J. Smith
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
rjphillips@garlington.com
bjsmith@garlington.com

Attorneys for Defendant CMC Missoula, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| AUDREY TURNER, VICKY BYRD, JENNIFER TANNER, LINDA LARSEN, PAUL LEE, BRANDI BRETH, KATE HOULIHAN and BARB MOSER,<br><br>                    Plaintiffs,<br>v.<br><br>NORTHERN MONTANA HOSPITAL, a Montana Nonprofit Corporation, ST. PETER'S HOSPITAL, a Montana Nonprofit Corporation, BOZEMAN DEACONESS HEALTH SERVICES, a Montana Nonprofit Corporation, RCHP BILLINGS-MISSOULA, LLC, a Delaware Limited Liability Company, CMC MISSOULA, INC., a Montana Nonprofit Corporation, and BILLINGS CLINIC, a Montana Nonprofit Corporation,<br><br>                    Defendants. | Case No.  CV-17-141-GF-BMM<br><br><br>CMC MISSOULA, INC.'S PRELIMINARY PRETRIAL STATEMENT |

1

Defendant CMC Missoula, Inc., by and through undersigned counsel of record Garlington, Lohn & Robinson, PLLP, hereby submits this Preliminary Pretrial Statement pursuant to Local Rule 16.2(b)(1).

## A. BRIEF FACTUAL OUTLINE OF THE CASE

On December 16, 2011 Community Medical Center, Inc. now known as CMC Missoula, Inc. entered into an agreement with Blue Cross and Blue Shield of Montana, Inc. ("BCBSMT") entitled Employee Benefit Plan Commitment Agreement. Pursuant to the terms of that Agreement, BCBSMT agreed to make certain payments to CMC Missoula, Inc. in return for certain services and coverages that BCBSMT was to provide to the employees of CMC Missoula, Inc.

On January 1, 2012 CMC Missoula, Inc. created a trust entitled The Community Medical Center Employee Health Benefit Plan Grantor Trust ("The Trust"). Pursuant to the Trust Agreement, First Interstate Bank was appointed trustee.

BCBSMT made the payments called for pursuant to the terms of the Employee Benefit Plan Commitment Agreement. Plaintiffs alleged by this action that the payments made to CMC Missoula, Inc. were improperly applied in violation of the fiduciary duties of CMC Missoula, Inc. Plaintiffs seek an accounting for the receipt and expenditure of those funds and a recoupment of those funds for the benefit of the beneficiaries of The Trust.

2

2579438

B.   **BASIS FOR FEDERAL JURISDICTION AND VENUE**

Jurisdiction over this matter is based upon 29 U.S.C. § 1132(e)(1). Venue is correct in this division as some or all of the Complaint's allegations arose in this division.

C.   **FACTUAL AND LEGAL BASES FOR EACH CLAIM/DEFENSES ADVANCED**

CMC Missoula, Inc. believes that the Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted.  Plaintiffs lack standing to request an accounting on behalf of the Plan.  The Plaintiffs' request for an accounting does not present a case or controversy and therefore fails to state a claim.

### FIRST DEFENSE

Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted against this answering Defendant.

### SECOND DEFENSE

Paragraphs 1 through 73 of the Second Defense of the Answer filed by CMC Missoula, Inc. contain the factual bases for the admissions, denials and qualifications.

### THIRD DEFENSE

The Plaintiffs or some of them have no privity of contract with CMC

3

Missoula, Inc. CMC Missoula, Inc. has never been the employer of a number of the Plaintiffs. The Hospital Defendants other than CMC Missoula, Inc. entered into their own agreements with BCBSMT and each of those agreements stands on its own.

### FOURTH DEFENSE

The Plaintiffs' claims are barred in whole or in part by the statute of limitations found in 29 U.S.C. § 1113.

### FIFTH DEFENSE

The Plaintiffs' claims in equity are barred by the doctrine of laches for their failure to promptly request relief.

### SIXTH DEFENSE

The Sixth Defense is made on information and belief that all information required to be disclosed to the Employee Benefit Plan has been disclosed.

### SEVENTH DEFENSE

The Seventh Defense is based upon the discretion that an administrator of an ERISA Qualified Plan has in managing the funds of the Plan.

### EIGHTH DEFENSE

The Eighth Defense of CMC Missoula, Inc. is based upon the funds received from BCBSMT were deposited into The Trust. The funds from The Trust and any additional funds paid to CMC Missoula, Inc. by BCBSMT were utilized for either

4

the employee or the employer's share of the Employee Benefit Health Plan premiums and administrative expenses.

### NINTH DEFENSE

The Ninth Defense raised in the Answer of CMC Missoula, Inc. relates to remedies available under ERISA and under the Plan documents none of which have the Plaintiffs sought to utilize or exhaust prior to filing the current action.

**D.  COMPUTATION OF DAMAGES**

Prevailing parties are entitled to an award of attorneys' fees under ERISA. 29 U.S.C. § 1132(g)(1).

**E.  PENDENCY OF RELATED LITIGATION**

CMC Missoula, Inc. is aware of no pending related litigation.

**F.  STIPULATIONS OF FACT**

CMC Missoula Inc. proposes the additional Stipulation of Fact not included in the Statement of Stipulated Facts:

Defendant CMC Missoula Inc. entered into an agreement with Blue Cross Blue Shield of Montana Inc. and the Agreement commenced on January 1, 2012.

**G.  PROPOSED DEADLINES – JOINT DISCOVERY PLAN**

Defendant CMC Missoula, Inc., recently added to this matter as a party, will agree to reasonable deadlines for the joinder of additional parties or amendment of

the pleadings.

## H. CONTROLLING ISSUES SUITABLE FOR PRETRIAL DISPOSITION

Defendant CMC Missoula, Inc. believes that most of the issues presented in this case are issues arising under the ERISA Act and therefore are issues of law which can be disposed of prior to trial.

## I. WITNESSES

On information and belief, the following people may have knowledge concerning one or more of the following matters: Legacy CMC's employee health benefit plan(s), Legacy CMC's Commitment Agreement with BCBSMT, and the Commitment Agreement Payment to Legacy CMC and CMC Missoula, Inc.:

1. Steve Carlson. Former President/CEO of CMC;

2. Stan Moser, former employee of CMC;

3. Joseph Schmier, former HR Director of CMC;

4. Debra Bezdicek, former HR Director of CMC;

5. Karen Wong, former HR Director of CMC;

6. Tracie Smith, former HR Director of CMC;

7. Robert Hamilton, former HR Director of CMC;

8. David Richhart, former CFO of CMC; and

9. Robin Hill, former Controller of CMC.

**J.     SUBSTANCE OF INSURANCE AGREEMENT**

CMC Missoula Inc. is not aware of any insurance agreement that may cover any judgment that might result from this action.

**K.     STATUS OF SETTLEMENT DISCUSSIONS**

CMC Missoula Inc. is not aware of any settlement discussions that have taken place to date.

**L.     SPECIAL PROCEDURES**

CMC Missoula and is not aware of any special procedures that might be utilized in this matter.

DATED this 4th day of October, 2018.

         /s/ Robert J. Phillips
Attorneys for Defendant CMC Missoula, Inc.