# BECK, AMSDEN & STALPES, PLLC

Attorneys at Law

| Attorneys: | 1946 Stadium Drive, Suite 1 | Of Counsel: |
|---|---|---|
| Monte D. Beck | Bozeman, MT 59715 | Michael G. Black |
| John L. Amsden | Tel: (406) 586-8700 | |
| Justin P. Stalpes | Fax: (406) 586-8960 | Paralegals: |
| Lindsay C. Beck | E-mail: info@becklawyers.com | Natalie F. Phillips |
| Anthony F. Jackson | | David W. McGoldrick |
| | | Reid M. Beck |

February 13, 2019

**VIA EMAIL AND FIRST CLASS U.S. MAIL**

Robert J. Phillips, Esq.
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street, PO Box 7909
Missoula, MT 59807-7909
rjphillips@garlington.com

    Re:    *Turner v. Northern Montana Hospital*

Dear Bob:

    Please accept this letter as an effort to resolve a discovery dispute without resort to court intervention. If we are unable to reach an agreement, Plaintiffs will file a motion to compel.

    Firstly, in response to Request for Production Nos. 18 and 19 in CMC's responses to Plaintiffs' Second Set of Discovery Requests, CMC asserted as objections to these requests that the information sought is "irrelevant to the claims and defenses of this case and … not proportional to the needs of this case" (or similar language).

    Please be advised that CMC's objection does not reflect an accurate understanding of the relationship of the information to the "needs of the case." The information goes directly to the heart of Plaintiffs' claims, i.e., that CMC knew the payments received from BCBSMT constituted plan assets, knew they would be used to offset other liabilities of CMC (not the plan), and strategically made the decision to continue on that course nonetheless.

    Even if the boilerplate objection were otherwise proper—and it is not—it is inappropriate for a responding party to, as CMC did here, assert boilerplate

Robert J. Phillips, Esq.
February 13, 2019
Page 2

objections, but then go ahead and produce some documents, and thereby leave it unclear whether all responsive documents in the party's possession, custody or control have been produced—or whether some have been withheld pursuant to the boilerplate objections. This creates ambiguity and confusion as to whether responsive documents have been withheld pursuant to the responding party's unilateral determination that they are out of proportion to the needs of the case.

Plaintiffs are entitled to know whether CMC is withholding documents pursuant to its "irrelevant and out of proportion" objection. If it is not, CMC should confirm as much in writing and withdraw the superfluous boilerplate objection. If CMC is withholding documents pursuant to this boilerplate objection, it should produce those documents now (as they are already untimely in the extreme). If CMC has not done one or the other by 2:00 p.m. on Friday, February 15, 2019, Plaintiffs intend to file a motion to compel production of documents withheld pursuant to the improper, boilerplate objection.

Secondly, in response to other requests, CMC has asserted untimely claims of privilege and provided an extremely late privilege log. Failure to timely provide a privilege log may result in waiver of privileges that could otherwise have been appropriately asserted. *See* Fed. R. Civ. P. 26(b)(5), Advisory Committee Notes ("To withhold materials without such notice is contrary to the rule, subjects the party to sanctions *158 under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."); *U.S. v. Constr. Prod. Research Inc.*, 73 F.3d 464, 473-74 (2d Cir. 1996); *Chase Manhattan Bank, N.A. v. Turner & Newall PLC*, 964 F.2d 159, 166 (2d Cir. 1992); *Strougo v. BEA Assocs.*, 199 F.R.D. 515, 521 (S.D.N.Y. 2001).

Of concern is that even the untimely privilege log does not provide sufficient information to permit Plaintiffs (or the Court) to confirm assertion of privilege was appropriate as to each withheld document. *See In re Subpoena Duces Tecum*, 439 F.3d 740, 750 (D.C. Cir. 2006) (to meet burden of establishing the information warrants withholding, defendant must present evidence "sufficient ... to establish the privilege ... with reasonable certainty."); Fed. R. Civ. P. 26(b)(5). Requisite detail for a privilege log consists at a minimum of a description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and grounds thereof. *U.S. v. Constr. Prod. Research Inc.*, 73 F.3d 464, 473 (2d Cir. 1996).

Robert J. Phillips, Esq.
February 13, 2019
Page 3

    CMC's untimely response to discovery may already have resulted in waiver of privileges it might otherwise have asserted. Without resolving that matter here, if CMC does not provide an appropriately detailed privilege log by 2:00 p.m. on Friday, February 15, 2019, Plaintiffs will move to compel production of the withheld documents.

    Thank you in advance for your timely attention to this matter.

Sincerely yours,



John L. Amsden

JLA:snb
cc (via email):    Nick J. Lofing, Esq. (njlofing@GARLINGTON.COM)
                    Michael G. Black, Esq. (mike@becklawyers.com)
                    John M. Morrison, Esq. (john@mswdlaw.com)