IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, GREAT FALLS DIVISION

| | |
|---|---|
| AUDREY TURNER, VICKY BYRD, JENNIFER TANNER, LINDA LARSEN, PAUL LEE, BRANDI BRETH, KATE HOULIHAN, BARB MOSER, <br> Plaintiffs, <br><br> v. <br><br> NORTHERN MONTANA HOSPITAL, a Montana Nonprofit Corporation, ST. PETER'S HOSPITAL, a Montana Nonprofit Corporation, BOZEMAN DEACONESS HEALTH SERVICES, a Montana Nonprofit Corporation, RCHP BILLINGS—MISSOULA LLC, a Delaware Limited Liability Company, CMC MISSOULA INC., a Montana Nonprofit Corporation, and BILLINGS CLINIC, a Montana Nonprofit Corporation, <br> Defendants. | CAUSE NO. CV-17-141-GF-BMM <br><br> **[FINAL] ORDER APPROVING SETTLEMENTS AND BARRING FURTHER CLAIMS** |

Plaintiffs and Defendants previously reached settlement agreements resolving all claims at issue in this litigation.

By order dated October 17, 2019, the Court granted preliminary approval to the settlement, appointed an independent fiduciary and limited-scope fiduciary, approved the proposed notice and bar order, and set the matter for final hearing.

The Court hereby incorporates herein by reference the findings set forth in the October 17, 2019, order (Dkt. 195), and the parties hereto are directed to comply with the terms of the settlement as described in docket numbers 182, 188 and 188-1. Payments described therein shall be made to the Beck, Amsden & Stalpes pllc Trust Account no later than five days after entry of this Order.

Notice has now been accomplished as ordered by the Court. Having considered the matter and for good cause appearing,

IT IS HEREBY ORDERED THAT:

## Adequate Notice Was Given to Plan Participants

Notice of Settlement has been mailed at Plaintiffs' expense to the last known addresses of all current or former employees who participated in Defendant hospitals' employee health benefit plans between January 1, 2012 and December 31, 2017. All notices were post-marked no later than October 23, 2019. Recipients were given at least 30 days advance notice of the hearing. The Court has determined and hereby reconfirms that such notice was adequate, fair and timely and no further notice is required.

## Approval of Releases and Consideration Therefor

The Releases attached as Exhibits 1-5 hereto are incorporated herein by reference and are specifically approved on the terms described therein. Ross Richardson, the duly appointed independent fiduciary and limited scope fiduciary

and Trustee, shall (1) make such payments as are required under the settlements hereby approved, (2) engage such professionals, including attorneys and accountants and on such terms as he determines appropriate, (3) report to the Court the methodology for and distributions of net payments to plan participants contemplated by the settlement hereby approved and (4) take other further and necessary steps as may be required in the performance of his obligations.

## Bar Order

The Court hereby permanently bars, restrains and enjoins the below-described Barred Entities from filing, commencing, instituting, initiating, maintaining or otherwise prosecuting, either directly or indirectly, any claim, counterclaim, cross-claim, third-party claim or other action against the below-described Releasees arising out of or related to any of the below-described Barred Claims. This bar order and the related order approving the settlement shall be read broadly in order to encompass any and all matters relating to the Barred Claims.

A.   Barred Entities:

1)   Plaintiffs in this case;

2)   The Defendant hospitals' employee benefit health plans;

3)   Current or former employees who participated in Defendant hospitals' employee health benefit plans between January 1, 2012 and December 31, 2017; and

4) Any past or present beneficiary of the Defendant hospitals' employee benefit health plans.

B. Releasees:

1) Northern Montana Hospital;

2) St. Peter's Hospital;

3) Bozeman Deaconess Health Services;

4) RCHP Billings-Missoula LLC;

5) CMC Missoula Inc.;

6) Billings Clinic;

7) The Defendant hospitals' employee benefit health plans;

8) Past and present trustees and fiduciaries of the Defendant hospitals' employee benefit health plans and their attorneys and law firms of record in this action, accountants, advisors, auditors, and other agents;

9) Past and present advisory committee members of the Defendant hospitals' employee benefit health plans;

10) Past and present directors, officers and managers of the Defendant hospitals and their attorneys law firms of record in this action, accountants, advisors, auditors and other agents; and

11) Officers (past and present), directors (past and present), partners, employees, and attorneys and law firms of record in this action of each of the individuals and entities identified in subparts B(1) – B(9).

C. Barred Claims:

Any and all claims of any kind or nature, whether presently known or unknown, against Releasees that arose prior to the date of this order, arising out of or relating to:

1) any factual matters or claims described in the complaints filed by Plaintiffs in this litigation;

2) any factual matters or claims described in Plaintiffs' brief in support of their motion for preliminary approval of settlement;

3) any factual matters, damages or claims addressed in expert reports filed with the Court by Plaintiffs; and

4) any other claims within the scope of the Notice of Settlement mailed to current and former employees of the Defendant hospitals who participated in the hospitals' employee benefit health plans between the dates of January 1, 2012 and December 31, 2017.

DATED this 18th day of December 2019.

_____
U. S. District Court Judge

## GENERAL RELEASE AND SETTLEMENT AGREEMENT
## NORTHERN MONTANA HOSPITAL HEALTH PLAN

RELEASOR: Northern Montana Hospital Health Plan ("the Plan"), by and through Ross Richardson as duly appointed limited-scope independent fiduciary for the Plan (the "Trustee").

RELEASEES: Northern Montana Hospital ("NMH"); past and present trustees and fiduciaries of the Plan and their attorneys and law firms of record in this action; past and present advisory committee members of the Plan; past and present directors, officers and managers of NMH and their attorneys and law firms of record in this action; Officers (past and present), directors (past and present).

BARRED CLAIMS: Any and all claims of any kind or nature, whether presently known or unknown against Releasees that arose prior to the date of the Court's Final Bar Order in the Civil Action, arising out of or related to: (1) any factual matters or claims described in Plaintiffs' Complaint or Amended Complaints in the Civil Action; (2) any factual matters or claims described in Plaintiffs' briefs in the Civil Action; (3) any factual matters, damages, or claims addressed in expert reports filed with the Court by Plaintiffs in the Civil Action; and (4) any other claims within the scope of the Notice of Settlement approved by the Court in the Civil Action.

SUM OF SETTLEMENT: Three Hundred Forty Eight Thousand Fifty Five dollars ($348,055) comprised of: (1) $202,186 paid to settle Plaintiffs' claims in the Civil Action; and (2) $145,869 to pay attorneys' fees and costs claimed by Plaintiffs' attorneys in the Civil Action. This Sum of Settlement is the same as the Sum of Settlement in the substantially similar Agreement with NMH

1

EXHIBIT

1.1

exhibitsticker.com

Plan Participants and is not in addition to the
Sum of Settlement referenced therein.

CIVIL ACTION:                    United States District Court for the District of
                                 Montana, Great Falls Division, Cause No. CV-
                                 17-141-GF-BMM, captioned *Audrey Turner et
                                 al. v. Northern Montana Hospital et al.*

## 1.   Release

The above-identified Releasor acknowledges receipt of the above sum of money,
made payable to Plaintiffs' attorneys' trust account, and in consideration for payment of
such sum, fully and forever releases and discharges Releasees, Releasees' heirs, personal
representatives, successors, assigns, partners, employees and attorneys and law firms of
record in the Civil Action from any and all actions, claims, causes of action, demands, or
expenses for damages or injuries, whether asserted or unasserted, known or unknown,
foreseen or unforeseen, arising out of the Barred Claims and/or any of the acts alleged in
the Civil Action. In addition to this Release, Releasor agrees that a condition of this
Settlement Agreement is entry of a mutually agreeable Final Bar Order by the Court in
the Civil Action.

The parties acknowledge and agree that the Settlement Sum paid above is made
solely for settlement purposes and that the Releasees make no assertion concerning the
proper characterization of the settlement funds, including but not limited to whether the
settlement funds constitute an employer contribution to the Plan, a restoration of Plan
benefits, or additional wages outside of a cafeteria plan election.

To the extent any such characterization determinations must be made in
connection with this Settlement Agreement, the parties acknowledge that Ross
Richardson, as an independent fiduciary on behalf of the Plan for purposes of approving
the settlement, or any other person appointed by the Court for such purposes, shall make
any such determinations. Furthermore, to the extent any excess settlement funds exist
due to nonresponsive participants who are notified of this Settlement Agreement, Mr.
Richardson or any other person appointed by the Court for purposes of acting as an
independent fiduciary, will make all determinations regarding such funds.

To the extent the Settlement Sum is characterized as relief under 29 U.S.C.A. §
1132(a)(2) and subject to *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) and
*Adamson v. Armco, Inc.,* 44 F.3d 650 (8th Cir. 1995), Trustee approves a release by the
Plan of any potential claims that the Plan and Trust might have to receive and deposit the
Settlement Sum into the Plan and Trust.

Releasees shall have no responsibility for paying the costs and taxes, if any, associated with administering this Settlement Agreement, including but not limited to the costs of providing Notice to any beneficiaries of this Settlement Agreement.

## 2. Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary

A trust shall be established by Court order as a qualified settlement fund authorized pursuant to Internal Revenue Code Section 468B.

The Court has appointed Trustee as an independent fiduciary for the Plan for purposes of approving the Settlement Agreement and Trustee of the QSF. Trustee, or any other person appointed by the Court to act as independent fiduciary and/or limited-scope temporary fiduciary under this section, will defend and indemnify Releasees for any claims arising from fiduciary or other responsibilities with respect to this Agreement and will secure a certificate of insurance coverage of at least $1 million for purposes of such defense and indemnity (such amount may be aggregated or coordinated with a fidelity bond).

## 3. Future Damages

Inasmuch as the injuries, damages, and losses resulting from the events described herein may not be fully known and may be more numerous or more serious than it is now understood or expected, the Releasor agrees, as a further consideration of this agreement, that this Release applies to any and all injuries, damages and losses resulting from the Barred Claims described herein and/or acts alleged in the Civil Action, even though now unanticipated, unexpected and unknown, as well as any and all injuries, damages and losses which have already developed and which are now known or anticipated.

## 4. No Admission of Liability

It is understood that the above-mentioned sum is accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither the payment of the sum by or on behalf of Releasees nor the negotiations for settlement shall be considered as an admission of liability. NMH expressly denies Plaintiffs' allegations in the Civil Action. More specifically, NMH denies that it breached any fiduciary duty.

## 5. Employee Retirement Income Security Act of 1974 ("ERISA") Specific Provisions

a)     Releasees make no assertion whether ERISA applies to the Settlement Sum.

3

b)     To the extent ERISA might apply to the Settlement Sum, the parties intend to comply with statutory prohibited transaction exemptions pursuant to 29 U.S.C.A. § 1108, including the Trustee's findings regarding reasonableness.

c)     A condition to this Settlement Agreement is that the Court in the Civil Action determine and that Releasor and its attorneys have determined that the requirements of PTE 2003-39 are met for this Settlement Agreement. The conditions related to PTE 2003-39 are outlined in the Proposed Order Granting Motion for: (1) Preliminary Approval of Settlements; (2) Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary; (3) Approval of Form and Timing of Proposed Notice of Settlements and Opportunity to Object; (4) Approval of Bar Order; and (5) Setting Hearing for Final Approval.

d)     The parties intend that this Release and the funds to be paid pursuant to Article 2 above will satisfy in all respects the requirements of Internal Revenue Code Article 468B and Treasury Regulation Sections 1.468B-1 through 1.468B-5 promulgated thereunder. The parties intend that the Trust shall and does qualify as a Qualified Settlement Fund as described in Internal Revenue Code Section 468B and Treasury Regulation Sections 1.468B-1 through 1.468B-5 promulgated thereunder. This Release, all provisions hereof, and any other documents related or ancillary to the settlement contemplated by this Release shall be construed in order to accomplish that goal.

## 6.     Apportionment of Payment amongst Current and Former Plan Participants and Beneficiaries, to Lienholders and Indemnification

This settlement payment shall be apportioned by Releasor, through the Trustee, to any individuals, insurers, companies, agencies, workers' compensation insurers or agencies, governmental agencies, political subdivisions, or attorneys who may have valid liens or rights of subrogation or reimbursement arising from the Barred Claims, and Trustee agrees to indemnify Releasees from and against all such claims by such parties.

Trustee shall comply with federal or state program requirements, including all tax authorities. Trustee agrees to indemnify and hold harmless Releasees from any future claims, whether known or unknown, that may be made by any agency, entity, or person as a result of the independent fiduciary's failing to comply with any notice, reporting, conditional payment, or set aside requirements of any governmental agency.

Releasor, through Trustee, is expected to ask Releasees for certain confidential information in order to calculate proper apportionments. All confidential information provided by Releasees to Releasor, including but not limited to plan participant names, addresses, telephone numbers, Social Security numbers (to be used solely for tax reporting purposes) and dates of health plan coverage, shall remain strictly confidential in compliance with state and federal data security and encryption requirements.

4

Releasor and its attorneys is strictly prohibited from any further uses or disclosures of the confidential information for any purpose other than making apportionments for the Civil Action. Releasor and its attorneys shall promptly destroy all confidential information obtained from Releasees when this settlement is fully effectuated.

## 7. Limitation of Liability

Limited scope trustee Ross Richardson is not entering into this agreement in his personal capacity; rather, he enters into this agreement solely as trustee of the state court trust and fiduciary for the Plan under the appointment order. As limited scope trustee and Plan fiduciary, Trustee will purchase a statutorily required bond in the amount of $1 million, in the aggregate for the settlement with all parties, in accordance with Department of Labor Field Assistance Bulletin No. 2008-04 regarding 29 C.F.R. § 2550.412-1 and 29 C.F.R. Part 2580. Notwithstanding anything in any other paragraph of this General Release and Settlement Agreement, any liability on Trustee's part, to the extent any were to be incurred in connection with this agreement or his service as a limited scope trustee and Plan fiduciary, shall be limited to the principal bond amount plus all available insurance coverage. Except to the extent prohibited by 29 U.S.C. § 1110(a), Mr. Richardson shall not be liable in his personal capacity under any circumstances.

## 8. No Additional Claims

Releasor represents that, other than the claims currently pending against Releasees, no additional claims are contemplated against any other party potentially liable for the losses, damages, and claims for which this Release is given, with the exception of claims against Travelers Casualty & Surety Company ("Travelers'") ("Additional Claims"). Claims against Travelers are NOT released. In the event an Additional Claim is made, which directly or indirectly results in additional liability exposure to Releasees for the losses, injuries, and damages for which this Release is given, Releasor, through the Trustee, agrees to indemnify, defend and hold Releasees harmless from all such claims and demands.

## 9. Stipulation for Dismissal with Prejudice of Claims against Releasees

The parties stipulate and agree that after final approval of the Settlement Agreement contemplated herein and as set forth in Plaintiffs' Supplement to Motion for Preliminary Approval of Settlements (Docs. 187 & 188 of the Civil Action), Plaintiffs' attorney of record shall dismiss with prejudice, as fully settled upon the merits, the claims against Releasees alleged in the above-described Civil Action. Each party shall pay their respective costs and attorneys' fees, with the exception of the attorneys' fees payments to Plaintiffs' attorneys contemplated by this Agreement.

5

**10. Taxation**

Neither Releasees nor Releasees' attorneys make any representations about the taxability of any portion of the consideration made in exchange for this Release and Settlement. The parties agree that Releasor, through the Trustee, will issue applicable federal and state tax reporting forms related to the Settlement Sum. The parties further agree that the Trustee may seek court approval regarding payments related to the Settlement Sum and related tax reporting and liabilities.

**11. Severability**

Should any provision of this Agreement be determined to be unenforceable, all remaining terms and clauses shall remain in force and shall be fully severable.

**12. Choice of Law**

The laws of the State of Montana shall apply to the interpretation of this agreement, subject to any applicable federal preemption.

DATED this _18th_ day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

_(signature)_

Northern Montana Hospital Health Plan ("the Plan") duly appointed independent fiduciary for the Plan and Trustee of the Section 468B Qualified Settlement Fund ("the Trust")

STATE OF MONTANA )
                    :ss.
County of _Cascade_ )

This instrument was acknowledged before me on the _18_ day of December, 2019, by Releasor.

GARY M. ZADICK
NOTARY PUBLIC for the
State of Montana
Residing at Great Falls, Montana
My Commission Expires
September 10, 2022
SEAL

_(signature)_
Notary Public

Notary

6

APPROVED BY:

John L. Amsden
BECK, AMSDEN & STALPES PLLC

By _____     Date: __12/18/2019__

John L. Amsden

7

## LIMITED RELEASE AND SETTLEMENT AGREEMENT
## NORTHERN MONTANA HOSPITAL PLAN PARTICIPANTS

RELEASORS:

Audrey Turner; Dawn Sprinkle; in their representative capacity under 29 U.S.C. § 1132.

RELEASEES:

Northern Montana Hospital ("NMH"); Northern Montana Hospital Health Plan ("the Plan"); past and present trustees and fiduciaries of the Plan and their attorneys and law firms of record in this action; past and present advisory committee members of the Plan; past and present directors, officers and managers of NMH and their attorneys and law firms of record in this action; Officers (past and present), directors (past and present).

BARRED CLAIMS:

Any and all claims of any kind or nature, whether presently known or unknown against Releasees that arose prior to the date of the Court's Final Bar Order in the Civil Action, arising out of or related to: (1) any factual matters or claims described in Plaintiffs' Complaint or Amended Complaints in the Civil Action; (2) any factual matters or claims described in Plaintiffs' briefs in the Civil Action; (3) any factual matters, damages, or claims addressed in expert reports filed with the Court by Plaintiffs in the Civil Action; and (4) any other claims within the scope of the Notice of Settlement approved by the Court in the Civil Action.

SUM OF SETTLEMENT:

Three Hundred Forty Eight Thousand Fifty Five dollars ($348,055) comprised of: (1) $202,186 paid to settle Plaintiffs' claims in the Civil Action; and (2) $145,869 to pay attorneys' fees and costs claimed by Plaintiffs' attorneys in the Civil Action. This Sum of Settlement is the same as the Sum of Settlement in the substantially similar Agreement with the NMH Plan and is not in addition to the Sum of Settlement referenced therein.

1

EXHIBIT

1.2

exhibitsticker.com

CIVIL ACTION:                          United States District Court for the District of
                                       Montana, Great Falls Division, Cause No. CV-
                                       17-141-GF-BMM, captioned *Audrey Turner et
                                       al. v. Northern Montana Hospital et al.*

## 1. Release

The above-identified Releasors acknowledge receipt of the above sum of money, made payable to Plaintiffs' attorneys' trust account, and in consideration for payment of such sum, fully and forever release and discharge Releasees, Releasees' heirs, personal representatives, successors, assigns, partners, employees and attorneys and law firms of record in the Civil Action from any and all actions, claims, causes of action, demands, or expenses for damages or injuries, whether asserted or unasserted, known or unknown, foreseen or unforeseen, arising out of the Barred Claims and/or any of the acts alleged in the Civil Action. In addition to this Release, Releasors agree that a condition of this Settlement Agreement is entry of a mutually agreeable Final Bar Order by the Court in the Civil Action.

The parties acknowledge and agree that the Settlement Sum paid above is made solely for settlement purposes and that the Releasees make no assertion concerning the proper characterization of the settlement funds, including but not limited to whether the settlement funds constitute an employer contribution to the Plan, a restoration of Plan benefits, or additional wages outside of a cafeteria plan election.

To the extent any such characterization determinations must be made in connection with this Settlement Agreement, the parties acknowledge that Ross Richardson, as an independent fiduciary on behalf of the Plan (the "Trustee") for purposes of approving the settlement, or any other person appointed by the Court for such purposes, shall make any such determinations. Furthermore, to the extent any excess settlement funds exist due to nonresponsive participants who are notified of this Settlement Agreement, the Trustee or any other person appointed by the Court for purposes of acting as an independent fiduciary, will make all determinations regarding such funds.

To the extent the Settlement Sum is characterized as relief under 29 U.S.C.A. § 1132(a)(2) and subject to *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) and *Adamson v. Armco, Inc.*, 44 F.3d 650 (8th Cir. 1995), the Trustee approves a release by the Plan of any potential claims that the Plan and Trust might have to receive and deposit the Settlement Sum into the Plan and Trust.

## 2. Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary

The parties acknowledge and agree that the Court has appointed the Trustee an independent fiduciary for the Plan for purposes of approving the Settlement Agreement.

## 3. Future Damages

Inasmuch as the injuries, damages, and losses resulting from the events described herein may not be fully known and may be more numerous or more serious than it is now understood or expected, the Releasors agree, as a further consideration of this agreement, that this Release applies to any and all injuries, damages and losses resulting from the Barred Claims described herein and/or acts alleged in the Civil Action, even though now unanticipated, unexpected and unknown, as well as any and all injuries, damages and losses which have already developed and which are now known or anticipated.

## 4. No Admission of Liability

It is understood that the above-mentioned sum is accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither the payment of the sum by or on behalf of Releasees nor the negotiations for settlement shall be considered as an admission of liability. NMH expressly denies Plaintiffs' allegations in the Civil Action. More specifically, NMH denies that it breached any fiduciary duty.

## 5. Employee Retirement Income Security Act of 1974 ("ERISA") Specific Provisions

a)   Releasees make no assertion whether ERISA applies to the Settlement Sum.

b)   To the extent ERISA might apply to the Settlement Sum, the parties intend to comply with statutory prohibited transaction exemptions pursuant to 29 U.S.C.A. § 1108, including the Trustee's findings regarding reasonableness.

c)   A condition to this Settlement Agreement is that the Court in the Civil Action determine and that Releasors and their attorneys have determined that the requirements of PTE 2003-39 are met for this Settlement Agreement. The conditions related to PTE 2003-39 are outlined in the Proposed Order Granting Motion for: (1) Preliminary Approval of Settlements; (2) Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary; (3) Approval of Form and Timing of Proposed Notice of Settlements and Opportunity to Object; (4) Approval of Bar Order; and (5) Setting Hearing for Final Approval.

3

## 6. Apportionment of Payment amongst Releasors, to Lienholders and Indemnification

This settlement payment shall be apportioned by the Trustee, to any individuals, insurers, companies, agencies, workers' compensation insurers or agencies, governmental agencies, political subdivisions, or attorneys who may have valid liens or rights of subrogation or reimbursement arising from the Barred Claims.

## 7. No Additional Claims

Releasors represent that, other than the claims currently pending against Releasees, no additional claims are contemplated against any other party potentially liable for the losses, damages, and claims for which this Release is given, with the exception of claims against Travelers Casualty & Surety Company ("Travelers'") ("Additional Claims"). Claims against Travelers are NOT released.

## 8. Stipulation for Dismissal with Prejudice of Claims against Releasees

The parties stipulate and agree that after final approval of the Settlement Agreement contemplated herein and as set forth in Plaintiffs' Supplement to Motion for Preliminary Approval of Settlements (Docs. 187 & 188 of the Civil Action), Plaintiffs' attorney of record shall dismiss with prejudice, as fully settled upon the merits, the claims against Releasees alleged in the above-described Civil Action. Each party shall pay their respective costs and attorneys' fees, with the exception of the attorneys' fees payments to Plaintiffs' attorneys contemplated by this Agreement.

## 9. Taxation

Neither Releasees nor Releasees' attorneys make any representations about the taxability of any portion of the consideration made in exchange for this Release and Settlement. Releasors acknowledge that the Plan, through the Trustee, will issue applicable federal and state tax reporting forms related to the Settlement Sum. Releasors further acknowledge and agree that: (i) Releasees have not provided any tax advice with respect to the tax consequences relating to the Settlement Sum; (ii) Releasors are not relying on Releasees for any tax advice; (iii) Releasors have been advised to consult with a qualified tax or financial consultant regarding the tax consequences relating to the Settlement Sum; and (iv) Releasors understand that any state or federal taxes on any portion of the Settlement Sum received are Releasors' own responsibility.

## 10. Severability

Should any provision of this Agreement be determined to be unenforceable, all remaining terms and clauses shall remain in force and shall be fully severable.

4

**11. Choice of Law**

The laws of the State of Montana shall apply to the interpretation of this agreement, subject to any applicable federal preemption.

DATED this _____ day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

_____
Releasor – Audrey Turner

STATE OF MONTANA )
                            :ss.
County of _____ )

This instrument was acknowledged before me on the _____ day of December, 2019, by Releasor.

_____
Notary Public

Notary

5

DATED this _____ day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

_____

Releasor – Dawn Sprinkle

STATE OF MONTANA          )
                                            :ss.
County of _____     )

This instrument was acknowledged before me on the _____ day of December, 2019, by Releasor.

_____

Notary Public

Notary

APPROVED BY:

John L. Amsden
BECK, AMSDEN & STALPES PLLC

By _____          Date: _____

John L. Amsden

6

## GENERAL RELEASE AND SETTLEMENT AGREEMENT
## ST. PETER'S HOSPITAL PLAN

RELEASOR:

St. Peter's Hospital Employee Welfare Plan ("the Plan"), by and through Ross Richardson as duly appointed limited-scope independent fiduciary for the Plan (the "Trustee").

RELEASEES:

St. Peter's Hospital ("SPH"); past and present trustees and fiduciaries of the Plan and their attorneys and law firms of record in this action; past and present advisory committee members of the Plan; past and present directors, officers and managers of SPH and their attorneys and law firms of record in this action; Officers (past and present), directors (past and present).

BARRED CLAIMS:

Any and all claims of any kind or nature, whether presently known or unknown against Releasees that arose prior to the date of the Court's Final Bar Order in the Civil Action, arising out of or related to: (1) any factual matters or claims described in Plaintiffs' Complaint or Amended Complaints in the Civil Action; (2) any factual matters or claims described in Plaintiffs' briefs in the Civil Action; (3) any factual matters, damages, or claims addressed in expert reports filed with the Court by Plaintiffs in the Civil Action; and (4) any other claims within the scope of the Notice of Settlement approved by the Court in the Civil Action.

SUM OF SETTLEMENT:

Seven Hundred Seventy Five Thousand ($775,000) comprised of: (1) $406,469 paid to settle Plaintiffs' claims in the Civil Action; and (2) $368,531 to pay attorneys' fees and costs claimed by Plaintiffs' attorneys in the Civil Action. This Sum of Settlement is the same as the Sum of Settlement in the substantially similar Agreement with SPH Plan Participants and is not in addition to the Sum of Settlement referenced therein.

**EXHIBIT**

2.1

exhibitsticker.com

1

CIVIL ACTION:                    United States District Court for the District of
                                 Montana, Great Falls Division, Cause No. CV-
                                 17-141-GF-BMM, captioned *Audrey Turner et
                                 al. v. Northern Montana Hospital et al.*

## 1.    Release

The above-identified Releasor acknowledges receipt of the above sum of money,
made payable to Plaintiffs' attorneys' trust account, and in consideration for payment of
such sum, fully and forever releases and discharges Releasees, Releasees' heirs, personal
representatives, successors, assigns, partners, employees and attorneys and law firms of
record in the Civil Action from any and all actions, claims, causes of action, demands, or
expenses for damages or injuries, whether asserted or unasserted, known or unknown,
foreseen or unforeseen, arising out of the Barred Claims and/or any of the acts alleged in
the Civil Action. In addition to this Release, Releasor agrees that a condition of this
Settlement Agreement is entry of a mutually agreeable Final Bar Order by the Court in
the Civil Action.

The parties acknowledge and agree that the Settlement Sum paid above is made
solely for settlement purposes and that the Releasees make no assertion concerning the
proper characterization of the settlement funds, including but not limited to whether the
settlement funds constitute an employer contribution to the Plan, a restoration of Plan
benefits, or additional wages outside of a cafeteria plan election.

To the extent any such characterization determinations must be made in
connection with this Settlement Agreement, the parties acknowledge that Ross
Richardson, as an independent fiduciary on behalf of the Plan for purposes of approving
the settlement, or any other person appointed by the Court for such purposes, shall make
any such determinations. Furthermore, to the extent any excess settlement funds exist
due to nonresponsive participants who are notified of this Settlement Agreement, Mr.
Richardson or any other person appointed by the Court for purposes of acting as an
independent fiduciary, will make all determinations regarding such funds.

To the extent the Settlement Sum is characterized as relief under 29 U.S.C.A. §
1132(a)(2) and subject to *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) and
*Adamson v. Armco, Inc.,* 44 F.3d 650 (8th Cir. 1995), Trustee approves a release by the
Plan of any potential claims that the Plan and Trust might have to receive and deposit the
Settlement Sum into the Plan and Trust.

Releasees shall have no responsibility for paying the costs and taxes, if any,
associated with administering this Settlement Agreement, including but not limited to the
costs of providing Notice to any beneficiaries of this Settlement Agreement.

2

## 2. Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary

A trust shall be established by Court order as a qualified settlement fund authorized pursuant to Internal Revenue Code Section 468B.

The Court has appointed Trustee as an independent fiduciary for the Plan for purposes of approving the Settlement Agreement and Trustee of the QSF. Trustee, or any other person appointed by the Court to act as independent fiduciary and/or limited-scope temporary fiduciary under this section, will defend and indemnify Releasees for any claims arising from fiduciary or other responsibilities with respect to this Agreement and will secure a certificate of insurance coverage of at least $1 million for purposes of such defense and indemnity (such amount may be aggregated or coordinated with a fidelity bond).

## 3. Future Damages

Inasmuch as the injuries, damages, and losses resulting from the events described herein may not be fully known and may be more numerous or more serious than it is now understood or expected, the Releasor agrees, as a further consideration of this agreement, that this Release applies to any and all injuries, damages and losses resulting from the Barred Claims described herein and/or acts alleged in the Civil Action, even though now unanticipated, unexpected and unknown, as well as any and all injuries, damages and losses which have already developed and which are now known or anticipated.

## 4. No Admission of Liability

It is understood that the above-mentioned sum is accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither the payment of the sum by or on behalf of Releasees nor the negotiations for settlement shall be considered as an admission of liability. SPH expressly denies Plaintiffs' allegations in the Civil Action. More specifically, SPH denies that it breached any fiduciary duty.

## 5. Employee Retirement Income Security Act of 1974 ("ERISA") Specific Provisions

a) Releasees make no assertion whether ERISA applies to the Settlement Sum.

b) To the extent ERISA might apply to the Settlement Sum, the parties intend to comply with statutory prohibited transaction exemptions pursuant to 29 U.S.C.A. § 1108, including the Trustee's findings regarding reasonableness.

3

c)     A condition to this Settlement Agreement is that the Court in the Civil Action determine and that Releasor and its attorneys have determined that the requirements of PTE 2003-39 are met for this Settlement Agreement. The conditions related to PTE 2003-39 are outlined in the Proposed Order Granting Motion for: (1) Preliminary Approval of Settlements; (2) Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary; (3) Approval of Form and Timing of Proposed Notice of Settlements and Opportunity to Object; (4) Approval of Bar Order; and (5) Setting Hearing for Final Approval.

d)     The parties intend that this Release and the funds to be paid pursuant to Article 2 above will satisfy in all respects the requirements of Internal Revenue Code Article 468B and Treasury Regulation Sections 1.468B-1 through 1.468B-5 promulgated thereunder. The parties intend that the Trust shall and does qualify as a Qualified Settlement Fund as described in Internal Revenue Code Section 468B and Treasury Regulation Sections 1.468B-1 through 1.468B-5 promulgated thereunder. This Release, all provisions hereof, and any other documents related or ancillary to the settlement contemplated by this Release shall be construed in order to accomplish that goal.

## 6.     Apportionment of Payment amongst Current and Former Plan Participants and Beneficiaries, to Lienholders and Indemnification

This settlement payment shall be apportioned by Releasor, through the Trustee, to any individuals, insurers, companies, agencies, workers' compensation insurers or agencies, governmental agencies, political subdivisions, or attorneys who may have valid liens or rights of subrogation or reimbursement arising from the Barred Claims, and Trustee agrees to indemnify Releasees from and against all such claims by such parties.

Trustee shall comply with federal or state program requirements, including all tax authorities. Trustee agrees to indemnify and hold harmless Releasees from any future claims, whether known or unknown, that may be made by any agency, entity, or person as a result of the independent fiduciary's failing to comply with any notice, reporting, conditional payment, or set aside requirements of any governmental agency.

Releasor, through Trustee, is expected to ask Releasees for certain confidential information in order to calculate proper apportionments. All confidential information provided by Releasees to Releasor, including but not limited to plan participant names, addresses, telephone numbers, Social Security numbers (to be used solely for tax reporting purposes) and dates of health plan coverage, shall remain strictly confidential in compliance with state and federal data security and encryption requirements. Releasor and its attorneys is strictly prohibited from any further uses or disclosures of the confidential information for any purpose other than making apportionments for the Civil Action. Releasor and its attorneys shall promptly destroy all confidential information obtained from Releasees when this settlement is fully effectuated.

4

## 7.     Limitation of Liability

Limited scope trustee Ross Richardson is not entering into this agreement in his personal capacity; rather, he enters into this agreement solely as trustee of the state court trust and fiduciary for the Plan under the appointment order. As limited scope trustee and Plan fiduciary, Trustee will purchase a statutorily required bond in the amount of $1 million, in the aggregate for the settlement with all parties, in accordance with Department of Labor Field Assistance Bulletin No. 2008-04 regarding 29 C.F.R. § 2550.412-1 and 29 C.F.R. Part 2580. Notwithstanding anything in any other paragraph of this General Release and Settlement Agreement, any liability on Trustee's part, to the extent any were to be incurred in connection with this agreement or his service as a limited scope trustee and Plan fiduciary, shall be limited to the principal bond amount plus all available insurance coverage. Except to the extent prohibited by 29 U.S.C. § 1110(a), Mr. Richardson shall not be liable in his personal capacity under any circumstances.

## 8.     No Additional Claims

Releasor represents that, other than the claims currently pending against Releasees, no additional claims are contemplated against any other party potentially liable for the losses, damages, and claims for which this Release is given, with the exception of claims against Travelers Casualty & Surety Company ("Travelers'") ("Additional Claims"). Claims against Travelers are NOT released. In the event an Additional Claim is made, which directly or indirectly results in additional liability exposure to Releasees for the losses, injuries, and damages for which this Release is given, Releasor, through the Trustee, agrees to indemnify, defend and hold Releasees harmless from all such claims and demands.

## 9.     Stipulation for Dismissal with Prejudice of Claims against Releasees

The parties stipulate and agree that after final approval of the Settlement Agreement contemplated herein and as set forth in Plaintiffs' Supplement to Motion for Preliminary Approval of Settlements (Docs. 187 & 188 of the Civil Action), Plaintiffs' attorney of record shall dismiss with prejudice, as fully settled upon the merits, the claims against Releasees alleged in the above-described Civil Action. Each party shall pay their respective costs and attorneys' fees, with the exception of the attorneys' fees payments to Plaintiffs' attorneys contemplated by this Agreement.

## 10.     Taxation

Neither Releasees nor Releasees' attorneys make any representations about the taxability of any portion of the consideration made in exchange for this Release and Settlement. The parties agree that Releasor, through the Trustee, will issue applicable federal and state tax reporting forms related to the Settlement Sum. The parties further

5

agree that the Trustee may seek court approval regarding payments related to the Settlement Sum and related tax reporting and liabilities.

## 11. Severability

Should any provision of this Agreement be determined to be unenforceable, all remaining terms and clauses shall remain in force and shall be fully severable.

## 12. Choice of Law

The laws of the State of Montana shall apply to the interpretation of this agreement, subject to any applicable federal preemption.

DATED this **18** day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

St. Peter's Hospital Employee Welfare Plan ("the Plan") duly appointed independent fiduciary for the Plan and Trustee of the Section 468B Qualified Settlement Fund ("the Trust")

STATE OF MONTANA   )
                          :ss.
County of _Cascade_   )

This instrument was acknowledged before me on the **18** day of December, 2019, by Releasor.

_____
Notary Public

GARY M. ZADICK
NOTARY PUBLIC for the
State of Montana
SEAL
Residing at Great Falls, Montana
My Commission Expires
September 10, 2022

Notary

6

APPROVED BY:

John L. Amsden
BECK, AMSDEN & STALPES PLLC

By _____    Date: __12 / 18 / 2019__
      John L. Amsden

7

## LIMITED RELEASE AND SETTLEMENT AGREEMENT
## ST. PETER'S HOSPITAL PLAN PARTICIPANTS

RELEASORS:                  Vicky Byrd; Paul Lee; Jennifer Tanner; in their
                            representative capacity under 29 U.S.C. § 1132.

RELEASEES:                  St. Peter's Hospital ("SPH"); St. Peter's
                            Hospital Employee Welfare Plan ("the Plan");
                            past and present trustees and fiduciaries of the
                            Plan and their attorneys and law firms of record
                            in this action; past and present advisory
                            committee members of the Plan; past and
                            present directors, officers and managers of SPH
                            and their attorneys and law firms of record in
                            this action; Officers (past and present), directors
                            (past and present).

BARRED CLAIMS:              Any and all claims of any kind or nature,
                            whether presently known or unknown against
                            Releasees that arose prior to the date of the
                            Court's Final Bar Order in the Civil Action,
                            arising out of or related to: (1) any factual
                            matters or claims described in Plaintiffs'
                            Complaint or Amended Complaints in the Civil
                            Action; (2) any factual matters or claims
                            described in Plaintiffs' briefs in the Civil
                            Action; (3) any factual matters, damages, or
                            claims addressed in expert reports filed with the
                            Court by Plaintiffs in the Civil Action; and (4)
                            any other claims within the scope of the Notice
                            of Settlement approved by the Court in the Civil
                            Action.

SUM OF SETTLEMENT:          Seven Hundred Seventy Five Thousand
                            ($775,000) comprised of: (1) $406,469 paid to
                            settle Plaintiffs' claims in the Civil Action; and
                            (2) $368,531 to pay attorneys' fees and costs
                            claimed by Plaintiffs' attorneys in the Civil
                            Action. This Sum of Settlement is the same as
                            the Sum of Settlement in the substantially
                            similar Agreement with the SPH Plan and is not
                            in addition to the Sum of Settlement referenced
                            therein.

1

EXHIBIT

2.2

exhibitsticker.com

CIVIL ACTION:                          United States District Court for the District of
                                       Montana, Great Falls Division, Cause No. CV-
                                       17-141-GF-BMM, captioned *Audrey Turner et
                                       al. v. Northern Montana Hospital et al.*

## 1. Release

The above-identified Releasors acknowledge receipt of the above sum of money,
made payable to Plaintiffs' attorneys' trust account, and in consideration for payment of
such sum, fully and forever release and discharge Releasees, Releasees' heirs, personal
representatives, successors, assigns, partners, employees and attorneys and law firms of
record in the Civil Action from any and all actions, claims, causes of action, demands, or
expenses for damages or injuries, whether asserted or unasserted, known or unknown,
foreseen or unforeseen, arising out of the Barred Claims and/or any of the acts alleged in
the Civil Action. In addition to this Release, Releasors agree that a condition of this
Settlement Agreement is entry of a mutually agreeable Final Bar Order by the Court in
the Civil Action.

The parties acknowledge and agree that the Settlement Sum paid above is made
solely for settlement purposes and that the Releasees make no assertion concerning the
proper characterization of the settlement funds, including but not limited to whether the
settlement funds constitute an employer contribution to the Plan, a restoration of Plan
benefits, or additional wages outside of a cafeteria plan election.

To the extent any such characterization determinations must be made in
connection with this Settlement Agreement, the parties acknowledge that Ross
Richardson, as an independent fiduciary on behalf of the Plan (the "Trustee") for
purposes of approving the settlement, or any other person appointed by the Court for such
purposes, shall make any such determinations. Furthermore, to the extent any excess
settlement funds exist due to nonresponsive participants who are notified of this
Settlement Agreement, the Trustee or any other person appointed by the Court for
purposes of acting as an independent fiduciary, will make all determinations regarding
such funds.

To the extent the Settlement Sum is characterized as relief under 29 U.S.C.A. §
1132(a)(2) and subject to *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) and
*Adamson v. Armco, Inc.*, 44 F.3d 650 (8th Cir. 1995), the Trustee approves a release by
the Plan of any potential claims that the Plan and Trust might have to receive and deposit
the Settlement Sum into the Plan and Trust.

## 2. Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary

The parties acknowledge and agree that the Court has appointed the Trustee an independent fiduciary for the Plan for purposes of approving the Settlement Agreement.

## 3. Future Damages

Inasmuch as the injuries, damages, and losses resulting from the events described herein may not be fully known and may be more numerous or more serious than it is now understood or expected, the Releasors agree, as a further consideration of this agreement, that this Release applies to any and all injuries, damages and losses resulting from the Barred Claims described herein and/or acts alleged in the Civil Action, even though now unanticipated, unexpected and unknown, as well as any and all injuries, damages and losses which have already developed and which are now known or anticipated.

## 4. No Admission of Liability

It is understood that the above-mentioned sum is accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither the payment of the sum by or on behalf of Releasees nor the negotiations for settlement shall be considered as an admission of liability. SPH expressly denies Plaintiffs' allegations in the Civil Action. More specifically, SPH denies that it breached any fiduciary duty.

## 5. Employee Retirement Income Security Act of 1974 ("ERISA") Specific Provisions

a)      Releasees make no assertion whether ERISA applies to the Settlement Sum.

b)      To the extent ERISA might apply to the Settlement Sum, the parties intend to comply with statutory prohibited transaction exemptions pursuant to 29 U.S.C.A. § 1108, including the Trustee's findings regarding reasonableness.

c)      A condition to this Settlement Agreement is that the Court in the Civil Action determine and that Releasors and their attorneys have determined that the requirements of PTE 2003-39 are met for this Settlement Agreement. The conditions related to PTE 2003-39 are outlined in the Proposed Order Granting Motion for: (1) Preliminary Approval of Settlements; (2) Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary; (3) Approval of Form and Timing of Proposed Notice of Settlements and Opportunity to Object; (4) Approval of Bar Order; and (5) Setting Hearing for Final Approval.

3

## 6. Apportionment of Payment amongst Releasors, to Lienholders and Indemnification

This settlement payment shall be apportioned by the Trustee, to any individuals, insurers, companies, agencies, workers' compensation insurers or agencies, governmental agencies, political subdivisions, or attorneys who may have valid liens or rights of subrogation or reimbursement arising from the Barred Claims.

## 7. No Additional Claims

Releasors represent that, other than the claims currently pending against Releasees, no additional claims are contemplated against any other party potentially liable for the losses, damages, and claims for which this Release is given, with the exception of claims against Travelers Casualty & Surety Company ("Travelers'") ("Additional Claims"). Claims against Travelers are NOT released.

## 8. Stipulation for Dismissal with Prejudice of Claims against Releasees

The parties stipulate and agree that after final approval of the Settlement Agreement contemplated herein and as set forth in Plaintiffs' Supplement to Motion for Preliminary Approval of Settlements (Docs. 187 & 188 of the Civil Action), Plaintiffs' attorney of record shall dismiss with prejudice, as fully settled upon the merits, the claims against Releasees alleged in the above-described Civil Action. Each party shall pay their respective costs and attorneys' fees, with the exception of the attorneys' fees payments to Plaintiffs' attorneys contemplated by this Agreement.

## 9. Taxation

Neither Releasees nor Releasees' attorneys make any representations about the taxability of any portion of the consideration made in exchange for this Release and Settlement. Releasors acknowledge that the Plan, through the Trustee, will issue applicable federal and state tax reporting forms related to the Settlement Sum. Releasors further acknowledge and agree that: (i) Releasees have not provided any tax advice with respect to the tax consequences relating to the Settlement Sum; (ii) Releasors are not relying on Releasees for any tax advice; (iii) Releasors have been advised to consult with a qualified tax or financial consultant regarding the tax consequences relating to the Settlement Sum; and (iv) Releasors understand that any state or federal taxes on any portion of the Settlement Sum received are Releasors' own responsibility.

## 10. Severability

Should any provision of this Agreement be determined to be unenforceable, all remaining terms and clauses shall remain in force and shall be fully severable.

4

**11. Choice of Law**

The laws of the State of Montana shall apply to the interpretation of this agreement, subject to any applicable federal preemption.

DATED this **18**ᵗʰ day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

Releasor – Vicky Byrd

STATE OF MONTANA )
)  :ss.
County of _Cascade_ )

This instrument was acknowledged before me on the **18** day of December, 2019, by Releasor.

Notary Public

Notary

GARY M. ZADICK
NOTARY PUBLIC for the
State of Montana
Residing at Great Falls, Montana
My Commission Expires
September 10, 2022
SEAL

5

DATED this _18_ day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

_Paul Lee_

Releasor – Paul Lee

STATE OF MONTANA )
                                              :ss.
County of _Cascade_ )

This instrument was acknowledged before me on the _18_ day of December, 2019, by Releasor.

_Gary M. Zadick_

Notary Public

Notary

GARY M. ZADICK
NOTARY PUBLIC for the
State of Montana
Residing at Great Falls, Montana
My Commission Expires
September 10, 2022
SEAL

6

DATED this _____ day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

_____

Releasor – Jennifer Tanner

STATE OF MONTANA          )
                          :ss.
County of _____ )

This instrument was acknowledged before me on the _____ day of December, 2019, by Releasor.

_____

Notary Public

Notary

APPROVED BY:

John L. Amsden
BECK, AMSDEN & STALPES PLLC

By _____          Date: _____

John L. Amsden

7

# GENERAL RELEASE AND SETTLEMENT AGREEMENT
## BOZEMAN HEALTH PLAN

RELEASOR:

Bozeman Deaconess Health Services Comprehensive Health and Welfare Benefit Plan and Trust ("the Plan"), by and through Ross Richardson as duly appointed limited-scope independent fiduciary for the Plan (the "Trustee").

RELEASEES:

Bozeman Deaconess Health Services ("Bozeman Health"); past and present trustees and fiduciaries of the Plan and their attorneys and law firms of record in this action; past and present advisory committee members of the Plan; past and present directors, officers and managers of Bozeman Health and their attorneys and law firms of record in this action; Officers (past and present), directors (past and present).

BARRED CLAIMS:

Any and all claims of any kind or nature, whether presently known or unknown against Releasees that arose prior to the date of the Court's Final Bar Order in the Civil Action, arising out of or related to: (1) any factual matters or claims described in Plaintiffs' Complaint or Amended Complaints in the Civil Action; (2) any factual matters or claims described in Plaintiffs' briefs in the Civil Action; (3) any factual matters, damages, or claims addressed in expert reports filed with the Court by Plaintiffs in the Civil Action; and (4) any other claims within the scope of the Notice of Settlement approved by the Court in the Civil Action.

SUM OF SETTLEMENT:

One Million Two-Hundred Seventy-Five Thousand dollars ($1,275,000) comprised of: (1) $825,000 paid to settle Plaintiffs' claims in the Civil Action; and (2) $450,000 to pay attorneys' fees and costs claimed by Plaintiffs' attorneys in the Civil Action. This Sum of

1

**EXHIBIT**

3.1

exhibitsticker.com

Settlement is the same as the Sum of Settlement in the substantially similar Agreement with Bozeman Health Plan Participants and is not in addition to the Sum of Settlement referenced therein.

CIVIL ACTION: United States District Court for the District of Montana, Great Falls Division, Cause No. CV-17-141-GF-BMM, captioned *Audrey Turner et al. v. Northern Montana Hospital et al.*

## 1. Release

The above-identified Releasor acknowledges receipt of the above sum of money, made payable to Plaintiffs' attorneys' trust account, and in consideration for payment of such sum, fully and forever releases and discharges Releasees, Releasees' heirs, personal representatives, successors, assigns, partners, employees and attorneys and law firms of record in the Civil Action from any and all actions, claims, causes of action, demands, or expenses for damages or injuries, whether asserted or unasserted, known or unknown, foreseen or unforeseen, arising out of the Barred Claims and/or any of the acts alleged in the Civil Action. In addition to this Release, Releasor agrees that a condition of this Settlement Agreement is entry of a mutually agreeable Final Bar Order by the Court in the Civil Action.

The parties acknowledge and agree that the Settlement Sum paid above is made solely for settlement purposes and that the Releasees make no assertion concerning the proper characterization of the settlement funds, including but not limited to whether the settlement funds constitute an employer contribution to the Plan, a restoration of Plan benefits, or additional wages outside of a cafeteria plan election.

To the extent any such characterization determinations must be made in connection with this Settlement Agreement, the parties acknowledge that Ross Richardson, as an independent fiduciary on behalf of the Plan for purposes of approving the settlement, or any other person appointed by the Court for such purposes, shall make any such determinations. Furthermore, to the extent any excess settlement funds exist due to nonresponsive participants who are notified of this Settlement Agreement, Mr. Richardson or any other person appointed by the Court for purposes of acting as an independent fiduciary, will make all determinations regarding such funds.

To the extent the Settlement Sum is characterized as relief under 29 U.S.C.A. § 1132(a)(2) and subject to *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) and *Adamson v. Armco, Inc.*, 44 F.3d 650 (8th Cir. 1995), Trustee approves a release by the Plan of any potential claims that the Plan and Trust might have to receive and deposit the Settlement Sum into the Plan and Trust.

2

Releasees shall have no responsibility for paying the costs and taxes, if any, associated with administering this Settlement Agreement, including but not limited to the costs of providing Notice to any beneficiaries of this Settlement Agreement.

## 2. Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary

A trust shall be established by Court order as a qualified settlement fund authorized pursuant to Internal Revenue Code Section 468B.

The Court has appointed Trustee as an independent fiduciary for the Plan for purposes of approving the Settlement Agreement and Trustee of the QSF. Trustee, or any other person appointed by the Court to act as independent fiduciary and/or limited-scope temporary fiduciary under this section, will defend and indemnify Releasees for any claims arising from fiduciary or other responsibilities with respect to this Agreement and will secure a certificate of insurance coverage of at least $1 million for purposes of such defense and indemnity (such amount may be aggregated or coordinated with a fidelity bond).

## 3. Future Damages

Inasmuch as the injuries, damages, and losses resulting from the events described herein may not be fully known and may be more numerous or more serious than it is now understood or expected, the Releasor agrees, as a further consideration of this agreement, that this Release applies to any and all injuries, damages and losses resulting from the Barred Claims described herein and/or acts alleged in the Civil Action, even though now unanticipated, unexpected and unknown, as well as any and all injuries, damages and losses which have already developed and which are now known or anticipated.

## 4. No Admission of Liability

It is understood that the above-mentioned sum is accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither the payment of the sum by or on behalf of Releasees nor the negotiations for settlement shall be considered as an admission of liability. Bozeman Health expressly denies Plaintiffs' allegations in the Civil Action. More specifically, Bozeman Health denies that it breached any fiduciary duty.

## 5. Employee Retirement Income Security Act of 1974 ("ERISA") Specific Provisions

a) Releasees make no assertion whether ERISA applies to the Settlement Sum.

3

b)  To the extent ERISA might apply to the Settlement Sum, the parties intend to comply with statutory prohibited transaction exemptions pursuant to 29 U.S.C.A. § 1108, including Trustee's findings regarding reasonableness.

c)  A condition to this Settlement Agreement is that the Court in the Civil Action determine and that Releasor and its attorneys have determined that the requirements of PTE 2003-39 are met for this Settlement Agreement. The conditions related to PTE 2003-39 are outlined in the Proposed Order Granting Motion for: (1) Preliminary Approval of Settlements; (2) Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary; (3) Approval of Form and Timing of Proposed Notice of Settlements and Opportunity to Object; (4) Approval of Bar Order; and (5) Setting Hearing for Final Approval.

d)  The parties intend that this Release and the funds to be paid pursuant to Article 2 above will satisfy in all respects the requirements of Internal Revenue Code Article 468B and Treasury Regulation Sections 1.468B-1 through 1.468B-5 promulgated thereunder. The parties intend that the Trust shall and does qualify as a Qualified Settlement Fund as described in Internal Revenue Code Section 468B and Treasury Regulation Sections 1.468B-1 through 1.468B-5 promulgated thereunder. This Release, all provisions hereof, and any other documents related or ancillary to the settlement contemplated by this Release shall be construed in order to accomplish that goal.

## 6.  Apportionment of Payment amongst Current and Former Plan Participants and Beneficiaries, to Lienholders and Indemnification

This settlement payment shall be apportioned by Releasor, through the Trustee, to any individuals, insurers, companies, agencies, workers' compensation insurers or agencies, governmental agencies, political subdivisions, or attorneys who may have valid liens or rights of subrogation or reimbursement arising from the Barred Claims, and Trustee agrees to indemnify Releasees from and against all such claims by such parties.

Trustee shall comply with federal or state program requirements, including all tax authorities. Trustee agrees to indemnify and hold harmless Releasees from any future claims, whether known or unknown, that may be made by any agency, entity, or person as a result of the independent fiduciary's failing to comply with any notice, reporting, conditional payment, or set aside requirements of any governmental agency.

Releasor, through Trustee, is expected to ask Releasees for certain confidential information in order to calculate proper apportionments. All confidential information provided by Releasees to Releasor, including but not limited to plan participant names, addresses, telephone numbers, Social Security numbers (to be used solely for tax reporting purposes) and dates of health plan coverage, shall remain strictly confidential in compliance with state and federal data security and encryption requirements.

4

Releasor and its attorneys is strictly prohibited from any further uses or disclosures of the confidential information for any purpose other than making apportionments for the Civil Action. Releasor and its attorneys shall promptly destroy all confidential information obtained from Releasees when this settlement is fully effectuated.

## 7. Limitation of Liability

Limited scope trustee Ross Richardson is not entering into this agreement in his personal capacity; rather, he enters into this agreement solely as trustee of the state court trust and fiduciary for the Plan under the appointment order. As limited scope trustee and Plan fiduciary, Trustee will purchase a statutorily required bond in the amount of $1 million, in the aggregate for the settlement with all parties, in accordance with Department of Labor Field Assistance Bulletin No. 2008-04 regarding 29 C.F.R. § 2550.412-1 and 29 C.F.R. Part 2580. Notwithstanding anything in any other paragraph of this General Release and Settlement Agreement, any liability on Trustee's part, to the extent any were to be incurred in connection with this agreement or his service as a limited scope trustee and Plan fiduciary, shall be limited to the principal bond amount plus all available insurance coverage. Except to the extent prohibited by 29 U.S.C. § 1110(a), Mr. Richardson shall not be liable in his personal capacity under any circumstances.

## 8. No Additional Claims

Releasor represents that, other than the claims currently pending against Releasees, no additional claims are contemplated against any other party potentially liable for the losses, damages, and claims for which this Release is given, with the exception of claims against Travelers Casualty & Surety Company ("Travelers'") ("Additional Claims"). Claims against Travelers are NOT released. In the event an Additional Claim is made, which directly or indirectly results in additional liability exposure to Releasees for the losses, injuries, and damages for which this Release is given, Releasor, through the Trustee, agrees to indemnify, defend and hold Releasees harmless from all such claims and demands.

## 9. Stipulation for Dismissal with Prejudice of Claims against Releasees

The parties stipulate and agree that after final approval of the Settlement Agreement contemplated herein and as set forth in Plaintiffs' Supplement to Motion for Preliminary Approval of Settlements (Docs. 187 & 188 of the Civil Action), Plaintiffs' attorney of record shall dismiss with prejudice, as fully settled upon the merits, the claims against Releasees alleged in the above-described Civil Action. Each party shall pay their respective costs and attorneys' fees, with the exception of the attorneys' fees payments to Plaintiffs' attorneys contemplated by this Agreement.

**10. Taxation**

Neither Releasees nor Releasees' attorneys make any representations about the taxability of any portion of the consideration made in exchange for this Release and Settlement. The parties agree that Releasor, through the Trustee, will issue applicable federal and state tax reporting forms related to the Settlement Sum. The parties further agree that the Trustee may seek court approval regarding payments related to the Settlement Sum and related tax reporting and liabilities.

**11. Severability**

Should any provision of this Agreement be determined to be unenforceable, all remaining terms and clauses shall remain in force and shall be fully severable.

**12. Choice of Law**

The laws of the State of Montana shall apply to the interpretation of this agreement, subject to any applicable federal preemption.

DATED this _18_ day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

Bozeman Deaconess Health Services
Comprehensive Health and Welfare Benefit
Plan and Trust ("the Plan") duly appointed
independent fiduciary for the Plan and Trustee
of the Section 468B Qualified Settlement Fund
("the Trust")

STATE OF MONTANA )
                              :ss.
County of _Cascade_ )

  This instrument was acknowledged before me on the __18__ day of December, 2019, by Releasor.

GARY M. ZADICK
NOTARY PUBLIC for the
State of Montana
SEAL   Residing at Great Falls, Montana
My Commission Expires
September 10, 2022

Notary Public

Notary

APPROVED BY:

John L. Amsden
BECK, AMSDEN & STALPES PLLC

By _____    Date: __12/18/2019__
  John L. Amsden

7

## LIMITED RELEASE AND SETTLEMENT AGREEMENT
## BOZEMAN HEALTH PLAN PARTICIPANTS

RELEASORS:                    Linda Larsen; Matt Larson; in their
                              representative capacity under 29 U.S.C. § 1132.

RELEASEES:                    Bozeman Deaconess Health Services
                              ("Bozeman Health"); Bozeman Deaconess
                              Health Services Comprehensive Health and
                              Welfare Benefit Plan and Trust ("the Plan");
                              past and present trustees and fiduciaries of the
                              Plan and their attorneys and law firms of record
                              in this action; past and present advisory
                              committee members of the Plan; past and
                              present directors, officers and managers of
                              Bozeman Health and their attorneys and law
                              firms of record in this action; Officers (past and
                              present), directors (past and present).

BARRED CLAIMS:                Any and all claims of any kind or nature,
                              whether presently known or unknown against
                              Releasees that arose prior to the date of the
                              Court's Final Bar Order in the Civil Action,
                              arising out of or related to: (1) any factual
                              matters or claims described in Plaintiffs'
                              Complaint or Amended Complaints in the Civil
                              Action; (2) any factual matters or claims
                              described in Plaintiffs' briefs in the Civil
                              Action; (3) any factual matters, damages, or
                              claims addressed in expert reports filed with the
                              Court by Plaintiffs in the Civil Action; and (4)
                              any other claims within the scope of the Notice
                              of Settlement approved by the Court in the Civil
                              Action.

SUM OF SETTLEMENT:            One Million Two-Hundred Seventy-Five
                              Thousand dollars ($1,275,000) comprised of:
                              (1) $825,000 paid to settle Plaintiffs' claims in
                              the Civil Action; and (2) $450,000 to pay
                              attorneys' fees and costs claimed by Plaintiffs'
                              attorneys in the Civil Action. This Sum of
                              Settlement is the same as the Sum of Settlement
                              in the substantially similar Agreement with the

1

EXHIBIT

3.2

exhibitsticker.com

Bozeman Health Plan and is not in addition to
the Sum of Settlement referenced therein.

CIVIL ACTION:                    United States District Court for the District of
                                 Montana, Great Falls Division, Cause No. CV-
                                 17-141-GF-BMM, captioned *Audrey Turner et
                                 al. v. Northern Montana Hospital et al.*

## 1.  Release

The above-identified Releasors acknowledge receipt of the above sum of money,
made payable to Plaintiffs' attorneys' trust account, and in consideration for payment of
such sum, fully and forever release and discharge Releasees, Releasees' heirs, personal
representatives, successors, assigns, partners, employees and attorneys and law firms of
record in the Civil Action from any and all actions, claims, causes of action, demands, or
expenses for damages or injuries, whether asserted or unasserted, known or unknown,
foreseen or unforeseen, arising out of the Barred Claims and/or any of the acts alleged in
the Civil Action. In addition to this Release, Releasors agree that a condition of this
Settlement Agreement is entry of a mutually agreeable Final Bar Order by the Court in
the Civil Action.

The parties acknowledge and agree that the Settlement Sum paid above is made
solely for settlement purposes and that the Releasees make no assertion concerning the
proper characterization of the settlement funds, including but not limited to whether the
settlement funds constitute an employer contribution to the Plan, a restoration of Plan
benefits, or additional wages outside of a cafeteria plan election.

To the extent any such characterization determinations must be made in
connection with this Settlement Agreement, the parties acknowledge that Ross
Richardson, as an independent fiduciary on behalf of the Plan (the "Trustee") for
purposes of approving the settlement, or any other person appointed by the Court for such
purposes, shall make any such determinations. Furthermore, to the extent any excess
settlement funds exist due to nonresponsive participants who are notified of this
Settlement Agreement, the Trustee or any other person appointed by the Court for
purposes of acting as an independent fiduciary, will make all determinations regarding
such funds.

To the extent the Settlement Sum is characterized as relief under 29 U.S.C.A. §
1132(a)(2) and subject to *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) and
*Adamson v. Armco, Inc.*, 44 F.3d 650 (8th Cir. 1995), the Trustee approves a release by
the Plan of any potential claims that the Plan and Trust might have to receive and deposit
the Settlement Sum into the Plan and Trust.

2

## 2. Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary

The parties acknowledge and agree that the Court has appointed the Trustee an independent fiduciary for the Plan for purposes of approving the Settlement Agreement.

## 3. Future Damages

Inasmuch as the injuries, damages, and losses resulting from the events described herein may not be fully known and may be more numerous or more serious than it is now understood or expected, the Releasors agree, as a further consideration of this agreement, that this Release applies to any and all injuries, damages and losses resulting from the Barred Claims described herein and/or acts alleged in the Civil Action, even though now unanticipated, unexpected and unknown, as well as any and all injuries, damages and losses which have already developed and which are now known or anticipated.

## 4. No Admission of Liability

It is understood that the above-mentioned sum is accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither the payment of the sum by or on behalf of Releasees nor the negotiations for settlement shall be considered as an admission of liability. Bozeman Health expressly denies Plaintiffs' allegations in the Civil Action. More specifically, Bozeman Health denies that it breached any fiduciary duty.

## 5. Employee Retirement Income Security Act of 1974 ("ERISA") Specific Provisions

a) Releasees make no assertion whether ERISA applies to the Settlement Sum.

b) To the extent ERISA might apply to the Settlement Sum, the parties intend to comply with statutory prohibited transaction exemptions pursuant to 29 U.S.C.A. § 1108, including the Trustee's findings regarding reasonableness.

c) A condition to this Settlement Agreement is that the Court in the Civil Action determine and that Releasors and their attorneys have determined that the requirements of PTE 2003-39 are met for this Settlement Agreement. The conditions related to PTE 2003-39 are outlined in the Proposed Order Granting Motion for: (1) Preliminary Approval of Settlements; (2) Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary; (3) Approval of Form and Timing of Proposed Notice of Settlements and Opportunity to Object; (4) Approval of Bar Order; and (5) Setting Hearing for Final Approval.

## 6. Apportionment of Payment amongst Releasors, to Lienholders and Indemnification

This settlement payment shall be apportioned by the Trustee, to any individuals, insurers, companies, agencies, workers' compensation insurers or agencies, governmental agencies, political subdivisions, or attorneys who may have valid liens or rights of subrogation or reimbursement arising from the Barred Claims.

## 7. No Additional Claims

Releasors represent that, other than the claims currently pending against Releasees, no additional claims are contemplated against any other party potentially liable for the losses, damages, and claims for which this Release is given, with the exception of claims against Travelers Casualty & Surety Company ("Travelers'") ("Additional Claims"). Claims against Travelers are NOT released.

## 8. Stipulation for Dismissal with Prejudice of Claims against Releasees

The parties stipulate and agree that after final approval of the Settlement Agreement contemplated herein and as set forth in Plaintiffs' Supplement to Motion for Preliminary Approval of Settlements (Docs. 187 & 188 of the Civil Action), Plaintiffs' attorney of record shall dismiss with prejudice, as fully settled upon the merits, the claims against Releasees alleged in the above-described Civil Action. Each party shall pay their respective costs and attorneys' fees, with the exception of the attorneys' fees payments to Plaintiffs' attorneys contemplated by this Agreement.

## 9. Taxation

Neither Releasees nor Releasees' attorneys make any representations about the taxability of any portion of the consideration made in exchange for this Release and Settlement. Releasors acknowledge that the Plan, through the Trustee, will issue applicable federal and state tax reporting forms related to the Settlement Sum. Releasors further acknowledge and agree that: (i) Releasees have not provided any tax advice with respect to the tax consequences relating to the Settlement Sum; (ii) Releasors are not relying on Releasees for any tax advice; (iii) Releasors have been advised to consult with a qualified tax or financial consultant regarding the tax consequences relating to the Settlement Sum; and (iv) Releasors understand that any state or federal taxes on any portion of the Settlement Sum received are Releasors' own responsibility.

## 10. Severability

Should any provision of this Agreement be determined to be unenforceable, all remaining terms and clauses shall remain in force and shall be fully severable.

4

**11. Choice of Law**

The laws of the State of Montana shall apply to the interpretation of this agreement, subject to any applicable federal preemption.

DATED this _____ day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

_____
Releasor – Linda Larsen

STATE OF MONTANA    )
                           :ss.
County of _____  )

This instrument was acknowledged before me on the _____ day of December, 2019, by Releasor.

_____
Notary Public

Notary

DATED this _____ day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

_____

Releasor – Matt Larson

STATE OF MONTANA    )
                             :ss.
County of _____  )

This instrument was acknowledged before me on the _____ day of December, 2019, by Releasor.

_____

Notary Public

Notary

APPROVED BY:

John L. Amsden
BECK, AMSDEN & STALPES PLLC

By _____        Date: _____
    John L. Amsden

6

## GENERAL RELEASE AND SETTLEMENT AGREEMENT
## COMMUNITY MEDICAL CENTER (AND RCHP BILLINGS—MISSOULA LLC) PLAN

| | |
|---|---|
| RELEASOR: | Community Medical Center Welfare Benefit Plan ("the Plan"), by and through Ross Richardson as duly appointed limited-scope independent fiduciary for the Plan (the "Trustee"). |
| RELEASEES: | Community Medical Center ("CMC") (and RCHP Billings—Missoula LLC); past and present trustees and fiduciaries of the Plan and their attorneys and law firms of record in this action; past and present advisory committee members of the Plan; past and present directors, officers and managers of CMC and their attorneys and law firms of record in this action; Officers (past and present), directors (past and present). |
| BARRED CLAIMS: | Any and all claims of any kind or nature, whether presently known or unknown against Releasees that arose prior to the date of the Court's Final Bar Order in the Civil Action, arising out of or related to: (1) any factual matters or claims described in Plaintiffs' Complaint or Amended Complaints in the Civil Action; (2) any factual matters or claims described in Plaintiffs' briefs in the Civil Action; (3) any factual matters, damages, or claims addressed in expert reports filed with the Court by Plaintiffs in the Civil Action; and (4) any other claims within the scope of the Notice of Settlement approved by the Court in the Civil Action. |
| SUM OF SETTLEMENT: | Two Million Eighty Three Thousand Nine Hundred and Ten dollars ($2,083,910) comprised of: (1) $1,240,700 paid to settle Plaintiffs' claims in the Civil Action; and (2) $843,211 to pay attorneys' fees and costs claimed by Plaintiffs' attorneys in the Civil |

1

**EXHIBIT**

4.1

exhibitsticker.com

Action. This Sum of Settlement is the same as
the Sum of Settlement in the substantially
similar Agreement with CMC Plan Participants
and is not in addition to the Sum of Settlement
referenced therein.

CIVIL ACTION:                    United States District Court for the District of
                                 Montana, Great Falls Division, Cause No. CV-
                                 17-141-GF-BMM, captioned *Audrey Turner et
                                 al. v. Northern Montana Hospital et al.*

## 1.    Release

The above-identified Releasor acknowledges receipt of the above sum of money,
made payable to Plaintiffs' attorneys' trust account, and in consideration for payment of
such sum, fully and forever releases and discharges Releasees, Releasees' heirs, personal
representatives, successors, assigns, partners, employees and attorneys and law firms of
record in the Civil Action from any and all actions, claims, causes of action, demands, or
expenses for damages or injuries, whether asserted or unasserted, known or unknown,
foreseen or unforeseen, arising out of the Barred Claims and/or any of the acts alleged in
the Civil Action. In addition to this Release, Releasor agrees that a condition of this
Settlement Agreement is entry of a mutually agreeable Final Bar Order by the Court in
the Civil Action.

The parties acknowledge and agree that the Settlement Sum paid above is made
solely for settlement purposes and that the Releasees make no assertion concerning the
proper characterization of the settlement funds, including but not limited to whether the
settlement funds constitute an employer contribution to the Plan, a restoration of Plan
benefits, or additional wages outside of a cafeteria plan election.

To the extent any such characterization determinations must be made in
connection with this Settlement Agreement, the parties acknowledge that Ross
Richardson, as an independent fiduciary on behalf of the Plan for purposes of approving
the settlement, or any other person appointed by the Court for such purposes, shall make
any such determinations. Furthermore, to the extent any excess settlement funds exist
due to nonresponsive participants who are notified of this Settlement Agreement, Mr.
Richardson or any other person appointed by the Court for purposes of acting as an
independent fiduciary, will make all determinations regarding such funds.

To the extent the Settlement Sum is characterized as relief under 29 U.S.C.A. §
1132(a)(2) and subject to *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) and
*Adamson v. Armco, Inc.*, 44 F.3d 650 (8th Cir. 1995), Trustee approves a release by the
Plan of any potential claims that the Plan and Trust might have to receive and deposit the
Settlement Sum into the Plan and Trust.

2

Releasees shall have no responsibility for paying the costs and taxes, if any, associated with administering this Settlement Agreement, including but not limited to the costs of providing Notice to any beneficiaries of this Settlement Agreement.

## 2. Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary

A trust shall be established by Court order as a qualified settlement fund authorized pursuant to Internal Revenue Code Section 468B.

The Court has appointed Trustee as an independent fiduciary for the Plan for purposes of approving the Settlement Agreement and Trustee of the QSF. Trustee, or any other person appointed by the Court to act as independent fiduciary and/or limited-scope temporary fiduciary under this section, will defend and indemnify Releasees for any claims arising from fiduciary or other responsibilities with respect to this Agreement and will secure a certificate of insurance coverage of at least $1 million for purposes of such defense and indemnity (such amount may be aggregated or coordinated with a fidelity bond).

## 3. Future Damages

Inasmuch as the injuries, damages, and losses resulting from the events described herein may not be fully known and may be more numerous or more serious than it is now understood or expected, the Releasor agrees, as a further consideration of this agreement, that this Release applies to any and all injuries, damages and losses resulting from the Barred Claims described herein and/or acts alleged in the Civil Action, even though now unanticipated, unexpected and unknown, as well as any and all injuries, damages and losses which have already developed and which are now known or anticipated.

## 4. No Admission of Liability

It is understood that the above-mentioned sum is accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither the payment of the sum by or on behalf of Releasees nor the negotiations for settlement shall be considered as an admission of liability. CMC expressly denies Plaintiffs' allegations in the Civil Action. More specifically, CMC denies that it breached any fiduciary duty.

## 5. Employee Retirement Income Security Act of 1974 ("ERISA") Specific Provisions

a)      Releasees make no assertion whether ERISA applies to the Settlement Sum.

3

b)     To the extent ERISA might apply to the Settlement Sum, the parties
intend to comply with statutory prohibited transaction exemptions pursuant to
29 U.S.C.A. § 1108, including the Trustee's findings regarding reasonableness.

c)     A condition to this Settlement Agreement is that the Court in the Civil
Action determine and that Releasor and its attorneys have determined that the
requirements of PTE 2003-39 are met for this Settlement Agreement. The
conditions related to PTE 2003-39 are outlined in the Proposed Order Granting
Motion for: (1) Preliminary Approval of Settlements; (2) Appointment of
Independent Fiduciary and Limited-Scope Temporary Fiduciary; (3) Approval
of Form and Timing of Proposed Notice of Settlements and Opportunity to
Object; (4) Approval of Bar Order; and (5) Setting Hearing for Final Approval.

d)     The parties intend that this Release and the funds to be paid pursuant to
Article 2 above will satisfy in all respects the requirements of Internal Revenue
Code Article 468B and Treasury Regulation Sections 1.468B-1 through
1.468B-5 promulgated thereunder. The parties intend that the Trust shall and
does qualify as a Qualified Settlement Fund as described in Internal Revenue
Code Section 468B and Treasury Regulation Sections 1.468B-1 through
1.468B-5 promulgated thereunder. This Release, all provisions hereof, and any
other documents related or ancillary to the settlement contemplated by this
Release shall be construed in order to accomplish that goal.

## 6.     Apportionment of Payment amongst Current and Former Plan Participants and Beneficiaries, to Lienholders and Indemnification

This settlement payment shall be apportioned by Releasor, through the Trustee,
to any individuals, insurers, companies, agencies, workers' compensation insurers or
agencies, governmental agencies, political subdivisions, or attorneys who may have
valid liens or rights of subrogation or reimbursement arising from the Barred Claims,
and Trustee agrees to indemnify Releasees from and against all such claims by such
parties.

Trustee shall comply with federal or state program requirements, including all
tax authorities. Trustee agrees to indemnify and hold harmless Releasees from any
future claims, whether known or unknown, that may be made by any agency, entity, or
person as a result of the independent fiduciary's failing to comply with any notice,
reporting, conditional payment, or set aside requirements of any governmental agency.

Releasor, through Trustee, is expected to ask Releasees for certain confidential
information in order to calculate proper apportionments. All confidential information
provided by Releasees to Releasor, including but not limited to plan participant names,
addresses, telephone numbers, Social Security numbers (to be used solely for tax
reporting purposes) and dates of health plan coverage, shall remain strictly confidential
in compliance with state and federal data security and encryption requirements.

Releasor and its attorneys is strictly prohibited from any further uses or disclosures of the confidential information for any purpose other than making apportionments for the Civil Action. Releasor and its attorneys shall promptly destroy all confidential information obtained from Releasees when this settlement is fully effectuated.

## 7. Limitation of Liability

Limited scope trustee Ross Richardson is not entering into this agreement in his personal capacity; rather, he enters into this agreement solely as trustee of the state court trust and fiduciary for the Plan under the appointment order. As limited scope trustee and Plan fiduciary, Trustee will purchase a statutorily required bond in the amount of $1 million, in the aggregate for the settlement with all parties, in accordance with Department of Labor Field Assistance Bulletin No. 2008-04 regarding 29 C.F.R. § 2550.412-1 and 29 C.F.R. Part 2580. Notwithstanding anything in any other paragraph of this General Release and Settlement Agreement, any liability on Trustee's part, to the extent any were to be incurred in connection with this agreement or his service as a limited scope trustee and Plan fiduciary, shall be limited to the principal bond amount plus all available insurance coverage. Except to the extent prohibited by 29 U.S.C. § 1110(a), Mr. Richardson shall not be liable in his personal capacity under any circumstances.

## 8. No Additional Claims

Releasor represents that, other than the claims currently pending against Releasees, no additional claims are contemplated against any other party potentially liable for the losses, damages, and claims for which this Release is given, with the exception of claims against Travelers Casualty & Surety Company ("Travelers'") ("Additional Claims"). Claims against Travelers are NOT released. In the event an Additional Claim is made, which directly or indirectly results in additional liability exposure to Releasees for the losses, injuries, and damages for which this Release is given, Releasor, through the Trustee, agrees to indemnify, defend and hold Releasees harmless from all such claims and demands.

## 9. Stipulation for Dismissal with Prejudice of Claims against Releasees

The parties stipulate and agree that after final approval of the Settlement Agreement contemplated herein and as set forth in Plaintiffs' Supplement to Motion for Preliminary Approval of Settlements (Docs. 187 & 188 of the Civil Action), Plaintiffs' attorney of record shall dismiss with prejudice, as fully settled upon the merits, the claims against Releasees alleged in the above-described Civil Action. Each party shall pay their respective costs and attorneys' fees, with the exception of the attorneys' fees payments to Plaintiffs' attorneys contemplated by this Agreement.

5

## 10.    Taxation

Neither Releasees nor Releasees' attorneys make any representations about the taxability of any portion of the consideration made in exchange for this Release and Settlement. The parties agree that Releasor, through the Trustee, will issue applicable federal and state tax reporting forms related to the Settlement Sum. The parties further agree that the Trustee may seek court approval regarding payments related to the Settlement Sum and related tax reporting and liabilities.

## 11.    Severability

Should any provision of this Agreement be determined to be unenforceable, all remaining terms and clauses shall remain in force and shall be fully severable.

## 12.    Choice of Law

The laws of the State of Montana shall apply to the interpretation of this agreement, subject to any applicable federal preemption.

DATED this _18ᵗʰ_ day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

Community Medical Center Welfare Benefit
Plan ("the Plan") duly appointed independent
fiduciary for the Plan and Trustee of the Section
468B Qualified Settlement Fund ("the Trust")

STATE OF MONTANA       )
                       :ss.
County of _Cascade_    )

This instrument was acknowledged before me on the _18_ day of December, 2019, by Releasor.

GARY M. ZADICK
NOTARY PUBLIC for the
State of Montana
Residing at Great Falls, Montana
My Commission Expires
September 10, 2022
SEAL

Notary Public

Notary

6

APPROVED BY:

John L. Amsden
BECK, AMSDEN & STALPES PLLC

By _____          Date: __12 | 18 | 2019__
       John L. Amsden

7

**LIMITED RELEASE AND SETTLEMENT AGREEMENT**
**COMMUNITY MEDICAL CENTER (AND RCHP BILLINGS—MISSOULA LLC)**
**PLAN PARTICIPANTS**

| | |
|---|---|
| RELEASORS: | Brandi Breth; Kate Houlihan; in their representative capacity under 29 U.S.C. § 1132. |
| RELEASEES: | Community Medical Center ("CMC") (and RCHP Billings—Missoula LLC); Community Medical Center Welfare Benefit Plan ("the Plan"); past and present trustees and fiduciaries of the Plan and their attorneys and law firms of record in this action; past and present advisory committee members of the Plan; past and present directors, officers and managers of CMC and their attorneys and law firms of record in this action; Officers (past and present), directors (past and present). |
| BARRED CLAIMS: | Any and all claims of any kind or nature, whether presently known or unknown against Releasees that arose prior to the date of the Court's Final Bar Order in the Civil Action, arising out of or related to: (1) any factual matters or claims described in Plaintiffs' Complaint or Amended Complaints in the Civil Action; (2) any factual matters or claims described in Plaintiffs' briefs in the Civil Action; (3) any factual matters, damages, or claims addressed in expert reports filed with the Court by Plaintiffs in the Civil Action; and (4) any other claims within the scope of the Notice of Settlement approved by the Court in the Civil Action. |
| SUM OF SETTLEMENT: | Two Million Eighty Three Thousand Nine Hundred and Ten dollars ($2,083,910) comprised of: (1) $1,240,700 paid to settle Plaintiffs' claims in the Civil Action; and (2) $843,211 to pay attorneys' fees and costs claimed by Plaintiffs' attorneys in the Civil Action. This Sum of Settlement is the same as the Sum of Settlement in the substantially |

1

**EXHIBIT**

4.2

exhibitsticker.com

|  | similar Agreement with the CMC Plan and is not in addition to the Sum of Settlement referenced therein. |
|---|---|
| CIVIL ACTION: | United States District Court for the District of Montana, Great Falls Division, Cause No. CV-17-141-GF-BMM, captioned *Audrey Turner et al. v. Northern Montana Hospital et al.* |

## 1. Release

The above-identified Releasors acknowledge receipt of the above sum of money, made payable to Plaintiffs' attorneys' trust account, and in consideration for payment of such sum, fully and forever release and discharge Releasees, Releasees' heirs, personal representatives, successors, assigns, partners, employees and attorneys and law firms of record in the Civil Action from any and all actions, claims, causes of action, demands, or expenses for damages or injuries, whether asserted or unasserted, known or unknown, foreseen or unforeseen, arising out of the Barred Claims and/or any of the acts alleged in the Civil Action. In addition to this Release, Releasors agree that a condition of this Settlement Agreement is entry of a mutually agreeable Final Bar Order by the Court in the Civil Action.

The parties acknowledge and agree that the Settlement Sum paid above is made solely for settlement purposes and that the Releasees make no assertion concerning the proper characterization of the settlement funds, including but not limited to whether the settlement funds constitute an employer contribution to the Plan, a restoration of Plan benefits, or additional wages outside of a cafeteria plan election.

To the extent any such characterization determinations must be made in connection with this Settlement Agreement, the parties acknowledge that Ross Richardson, as an independent fiduciary on behalf of the Plan (the "Trustee") for purposes of approving the settlement, or any other person appointed by the Court for such purposes, shall make any such determinations. Furthermore, to the extent any excess settlement funds exist due to nonresponsive participants who are notified of this Settlement Agreement, the Trustee or any other person appointed by the Court for purposes of acting as an independent fiduciary, will make all determinations regarding such funds.

To the extent the Settlement Sum is characterized as relief under 29 U.S.C.A. § 1132(a)(2) and subject to *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) and *Adamson v. Armco, Inc.,* 44 F.3d 650 (8th Cir. 1995), the Trustee approves a release by the Plan of any potential claims that the Plan and Trust might have to receive and deposit the Settlement Sum into the Plan and Trust.

## 2. Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary

The parties acknowledge and agree that the Court has appointed the Trustee an independent fiduciary for the Plan for purposes of approving the Settlement Agreement.

## 3. Future Damages

Inasmuch as the injuries, damages, and losses resulting from the events described herein may not be fully known and may be more numerous or more serious than it is now understood or expected, the Releasors agree, as a further consideration of this agreement, that this Release applies to any and all injuries, damages and losses resulting from the Barred Claims described herein and/or acts alleged in the Civil Action, even though now unanticipated, unexpected and unknown, as well as any and all injuries, damages and losses which have already developed and which are now known or anticipated.

## 4. No Admission of Liability

It is understood that the above-mentioned sum is accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither the payment of the sum by or on behalf of Releasees nor the negotiations for settlement shall be considered as an admission of liability. CMC expressly denies Plaintiffs' allegations in the Civil Action. More specifically, CMC denies that it breached any fiduciary duty.

## 5. Employee Retirement Income Security Act of 1974 ("ERISA") Specific Provisions

a) Releasees make no assertion whether ERISA applies to the Settlement Sum.

b) To the extent ERISA might apply to the Settlement Sum, the parties intend to comply with statutory prohibited transaction exemptions pursuant to 29 U.S.C.A. § 1108, including the Trustee's findings regarding reasonableness.

c) A condition to this Settlement Agreement is that the Court in the Civil Action determine and that Releasors and their attorneys have determined that the requirements of PTE 2003-39 are met for this Settlement Agreement. The conditions related to PTE 2003-39 are outlined in the Proposed Order Granting Motion for: (1) Preliminary Approval of Settlements; (2) Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary; (3) Approval of Form and Timing of Proposed Notice of Settlements and Opportunity to Object; (4) Approval of Bar Order; and (5) Setting Hearing for Final Approval.

## 6. Apportionment of Payment amongst Releasors, to Lienholders and Indemnification

This settlement payment shall be apportioned by the Trustee, to any individuals, insurers, companies, agencies, workers' compensation insurers or agencies, governmental agencies, political subdivisions, or attorneys who may have valid liens or rights of subrogation or reimbursement arising from the Barred Claims.

## 7. No Additional Claims

Releasors represent that, other than the claims currently pending against Releasees, no additional claims are contemplated against any other party potentially liable for the losses, damages, and claims for which this Release is given, with the exception of claims against Travelers Casualty & Surety Company ("Travelers'") ("Additional Claims"). Claims against Travelers are NOT released.

## 8. Stipulation for Dismissal with Prejudice of Claims against Releasees

The parties stipulate and agree that after final approval of the Settlement Agreement contemplated herein and as set forth in Plaintiffs' Supplement to Motion for Preliminary Approval of Settlements (Docs. 187 & 188 of the Civil Action), Plaintiffs' attorney of record shall dismiss with prejudice, as fully settled upon the merits, the claims against Releasees alleged in the above-described Civil Action. Each party shall pay their respective costs and attorneys' fees, with the exception of the attorneys' fees payments to Plaintiffs' attorneys contemplated by this Agreement.

## 9. Taxation

Neither Releasees nor Releasees' attorneys make any representations about the taxability of any portion of the consideration made in exchange for this Release and Settlement. Releasors acknowledge that the Plan, through the Trustee, will issue applicable federal and state tax reporting forms related to the Settlement Sum. Releasors further acknowledge and agree that: (i) Releasees have not provided any tax advice with respect to the tax consequences relating to the Settlement Sum; (ii) Releasors are not relying on Releasees for any tax advice; (iii) Releasors have been advised to consult with a qualified tax or financial consultant regarding the tax consequences relating to the Settlement Sum; and (iv) Releasors understand that any state or federal taxes on any portion of the Settlement Sum received are Releasors' own responsibility.

## 10. Severability

Should any provision of this Agreement be determined to be unenforceable, all remaining terms and clauses shall remain in force and shall be fully severable.

4

## 11. Choice of Law

The laws of the State of Montana shall apply to the interpretation of this agreement, subject to any applicable federal preemption.

DATED this _____ day of December, 2019.

### CAUTION: READ BEFORE SIGNING!

_____
Releasor – Brandi Breth

STATE OF MONTANA     )
                           :ss.
County of _____  )

This instrument was acknowledged before me on the _____ day of December, 2019, by Releasor.

_____
Notary Public

Notary

DATED this _____ day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

_____

Releasor – Kate Houlihan

STATE OF MONTANA          )
                          :ss.
County of _____ )

This instrument was acknowledged before me on the _____ day of December, 2019, by Releasor.

_____

Notary Public

Notary

APPROVED BY:

John L. Amsden
BECK, AMSDEN & STALPES PLLC

By _____          Date: _____
    John L. Amsden

6

## GENERAL RELEASE AND SETTLEMENT AGREEMENT
## BILLINGS CLINIC PLAN

RELEASOR:

Billings Clinic Employee Benefit Plan and Trust ("the Plan"), by and through Ross Richardson as duly appointed limited-scope independent fiduciary for the Plan (the "Trustee").

RELEASEES:

Billings Clinic; past and present trustees and fiduciaries of the Plan and their attorneys and law firms of record in this action; past and present advisory committee members of the Plan; past and present directors, officers and managers of Billings Clinic and their attorneys and law firms of record in this action; Officers (past and present), directors (past and present).

BARRED CLAIMS:

Any and all claims of any kind or nature, whether presently known or unknown against Releasees that arose prior to the date of the Court's Final Bar Order in the Civil Action, arising out of or related to: (1) any factual matters or claims described in Plaintiffs' Complaint or Amended Complaints in the Civil Action; (2) any factual matters or claims described in Plaintiffs' briefs in the Civil Action; (3) any factual matters, damages, or claims addressed in expert reports filed with the Court by Plaintiffs in the Civil Action; and (4) any other claims within the scope of the Notice of Settlement approved by the Court in the Civil Action.

SUM OF SETTLEMENT:

Two Million Four Hundred Seventy Thousand One Hundred dollars ($2,470,100) comprised of: (1) $1,570,100 paid to settle Plaintiffs' claims in the Civil Action; and (2) $900,000 to pay attorneys' fees and costs claimed by Plaintiffs' attorneys in the Civil Action. This Sum of Settlement is the same as the Sum of Settlement in the substantially similar Agreement with Billings Clinic Plan

1

EXHIBIT

5.1

exhibitsticker.com

Participants and is not in addition to the Sum of
Settlement referenced therein.

CIVIL ACTION:                    United States District Court for the District of
Montana, Great Falls Division, Cause No. CV-
17-141-GF-BMM, captioned *Audrey Turner et
al. v. Northern Montana Hospital et al.*

## 1. Release

The above-identified Releasor acknowledges receipt of the above sum of money,
made payable to Plaintiffs' attorneys' trust account, and in consideration for payment of
such sum, fully and forever releases and discharges Releasees, Releasees' heirs, personal
representatives, successors, assigns, partners, employees and attorneys and law firms of
record in the Civil Action from any and all actions, claims, causes of action, demands, or
expenses for damages or injuries, whether asserted or unasserted, known or unknown,
foreseen or unforeseen, arising out of the Barred Claims and/or any of the acts alleged in
the Civil Action. In addition to this Release, Releasor agrees that a condition of this
Settlement Agreement is entry of a mutually agreeable Final Bar Order by the Court in
the Civil Action.

The parties acknowledge and agree that the Settlement Sum paid above is made
solely for settlement purposes and that the Releasees make no assertion concerning the
proper characterization of the settlement funds, including but not limited to whether the
settlement funds constitute an employer contribution to the Plan, a restoration of Plan
benefits, or additional wages outside of a cafeteria plan election.

To the extent any such characterization determinations must be made in
connection with this Settlement Agreement, the parties acknowledge that Ross
Richardson, as an independent fiduciary on behalf of the Plan for purposes of approving
the settlement, or any other person appointed by the Court for such purposes, shall make
any such determinations. Furthermore, to the extent any excess settlement funds exist
due to nonresponsive participants who are notified of this Settlement Agreement, Mr.
Richardson or any other person appointed by the Court for purposes of acting as an
independent fiduciary, will make all determinations regarding such funds.

To the extent the Settlement Sum is characterized as relief under 29 U.S.C.A. §
1132(a)(2) and subject to *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) and
*Adamson v. Armco, Inc.*, 44 F.3d 650 (8th Cir. 1995), Trustee approves a release by the
Plan of any potential claims that the Plan and Trust might have to receive and deposit the
Settlement Sum into the Plan and Trust.

Releasees shall have no responsibility for paying the costs and taxes, if any, associated with administering this Settlement Agreement, including but not limited to the costs of providing Notice to any beneficiaries of this Settlement Agreement.

## 2. Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary

A trust shall be established by Court order as a qualified settlement fund authorized pursuant to Internal Revenue Code Section 468B.

The Court has appointed Trustee as an independent fiduciary for the Plan for purposes of approving the Settlement Agreement and Trustee of the QSF. Trustee, or any other person appointed by the Court to act as independent fiduciary and/or limited-scope temporary fiduciary under this section, will defend and indemnify Releasees for any claims arising from fiduciary or other responsibilities with respect to this Agreement and will secure a certificate of insurance coverage of at least $1 million for purposes of such defense and indemnity (such amount may be aggregated or coordinated with a fidelity bond).

## 3. Future Damages

Inasmuch as the injuries, damages, and losses resulting from the events described herein may not be fully known and may be more numerous or more serious than it is now understood or expected, the Releasor agrees, as a further consideration of this agreement, that this Release applies to any and all injuries, damages and losses resulting from the Barred Claims described herein and/or acts alleged in the Civil Action, even though now unanticipated, unexpected and unknown, as well as any and all injuries, damages and losses which have already developed and which are now known or anticipated.

## 4. No Admission of Liability

It is understood that the above-mentioned sum is accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither the payment of the sum by or on behalf of Releasees nor the negotiations for settlement shall be considered as an admission of liability. Billings Clinic expressly denies Plaintiffs' allegations in the Civil Action. More specifically, Billings Clinic denies that it breached any fiduciary duty.

## 5. Employee Retirement Income Security Act of 1974 ("ERISA") Specific Provisions

a)    Releasees make no assertion whether ERISA applies to the Settlement Sum.

3

b)      To the extent ERISA might apply to the Settlement Sum, the parties intend to comply with statutory prohibited transaction exemptions pursuant to 29 U.S.C.A. § 1108, including Trustee's findings regarding reasonableness.

c)      A condition to this Settlement Agreement is that the Court in the Civil Action determine and that Releasor and its attorneys have determined that the requirements of PTE 2003-39 are met for this Settlement Agreement. The conditions related to PTE 2003-39 are outlined in the Proposed Order Granting Motion for: (1) Preliminary Approval of Settlements; (2) Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary; (3) Approval of Form and Timing of Proposed Notice of Settlements and Opportunity to Object; (4) Approval of Bar Order; and (5) Setting Hearing for Final Approval.

d)      The parties intend that this Release and the funds to be paid pursuant to Article 2 above will satisfy in all respects the requirements of Internal Revenue Code Article 468B and Treasury Regulation Sections 1.468B-1 through 1.468B-5 promulgated thereunder. The parties intend that the Trust shall and does qualify as a Qualified Settlement Fund as described in Internal Revenue Code Section 468B and Treasury Regulation Sections 1.468B-1 through 1.468B-5 promulgated thereunder. This Release, all provisions hereof, and any other documents related or ancillary to the settlement contemplated by this Release shall be construed in order to accomplish that goal.

## 6.      Apportionment of Payment amongst Current and Former Plan Participants and Beneficiaries, to Lienholders and Indemnification

This settlement payment shall be apportioned by Releasor, through the Trustee, to any individuals, insurers, companies, agencies, workers' compensation insurers or agencies, governmental agencies, political subdivisions, or attorneys who may have valid liens or rights of subrogation or reimbursement arising from the Barred Claims, and Trustee agrees to indemnify Releasees from and against all such claims by such parties.

Trustee shall comply with federal or state program requirements, including all tax authorities. Trustee agrees to indemnify and hold harmless Releasees from any future claims, whether known or unknown, that may be made by any agency, entity, or person as a result of the independent fiduciary's failing to comply with any notice, reporting, conditional payment, or set aside requirements of any governmental agency.

Releasor, through Trustee, is expected to ask Releasees for certain confidential information in order to calculate proper apportionments. All confidential information provided by Releasees to Releasor, including but not limited to plan participant names, addresses, telephone numbers, Social Security numbers (to be used solely for tax reporting purposes) and dates of health plan coverage, shall remain strictly confidential in compliance with state and federal data security and encryption requirements .

4

Releasor and its attorneys is strictly prohibited from any further uses or disclosures of the confidential information for any purpose other than making apportionments for the Civil Action. Releasor and its attorneys shall promptly destroy all confidential information obtained from Releasees when this settlement is fully effectuated.

## 7. Limitation of Liability

Limited scope trustee Ross Richardson is not entering into this agreement in his personal capacity; rather, he enters into this agreement solely as trustee of the state court trust and fiduciary for the Plan under the appointment order. As limited scope trustee and Plan fiduciary, Trustee will purchase a statutorily required bond in the amount of $1 million, in the aggregate for the settlement with all parties, in accordance with Department of Labor Field Assistance Bulletin No. 2008-04 regarding 29 C.F.R. § 2550.412-1 and 29 C.F.R. Part 2580. Notwithstanding anything in any other paragraph of this General Release and Settlement Agreement, any liability on Trustee's part, to the extent any were to be incurred in connection with this agreement or his service as a limited scope trustee and Plan fiduciary, shall be limited to the principal bond amount plus all available insurance coverage. Except to the extent prohibited by 29 U.S.C. § 1110(a), Mr. Richardson shall not be liable in his personal capacity under any circumstances.

## 8. No Additional Claims

Releasor represents that, other than the claims currently pending against Releasees, no additional claims are contemplated against any other party potentially liable for the losses, damages, and claims for which this Release is given, with the exception of claims against Travelers Casualty & Surety Company ("Travelers'") ("Additional Claims"). Claims against Travelers are NOT released. In the event an Additional Claim is made, which directly or indirectly results in additional liability exposure to Releasees for the losses, injuries, and damages for which this Release is given, Releasor, through the Trustee, agrees to indemnify, defend and hold Releasees harmless from all such claims and demands.

## 9. Stipulation for Dismissal with Prejudice of Claims against Releasees

The parties stipulate and agree that after final approval of the Settlement Agreement contemplated herein and as set forth in Plaintiffs' Supplement to Motion for Preliminary Approval of Settlements (Docs. 187 & 188 of the Civil Action), Plaintiffs' attorney of record shall dismiss with prejudice, as fully settled upon the merits, the claims against Releasees alleged in the above-described Civil Action. Each party shall pay their respective costs and attorneys' fees, with the exception of the attorneys' fees payments to Plaintiffs' attorneys contemplated by this Agreement.

5

## 10. Taxation

Neither Releasees nor Releasees' attorneys make any representations about the taxability of any portion of the consideration made in exchange for this Release and Settlement. The parties agree that Releasor, through the Trustee, will issue applicable federal and state tax reporting forms related to the Settlement Sum. The parties further agree that the Trustee may seek court approval regarding payments related to the Settlement Sum and related tax reporting and liabilities.

## 11. Severability

Should any provision of this Agreement be determined to be unenforceable, all remaining terms and clauses shall remain in force and shall be fully severable.

## 12. Choice of Law

The laws of the State of Montana shall apply to the interpretation of this agreement, subject to any applicable federal preemption.

DATED this 18th day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

Billings Clinic Employee Benefit Plan and Trust ("the Plan") duly appointed independent fiduciary for the Plan and Trustee of the Section 468B Qualified Settlement Fund ("the Trust")

STATE OF MONTANA )
                                    :ss.
County of _Cascade_ )

This instrument was acknowledged before me on the _18_ day of December, 2019, by Releasor.

Notary Public

GARY M. ZADICK
NOTARY PUBLIC for the
State of Montana
Residing at Great Falls, Montana
My Commission Expires
September 10, 2022
SEAL

Notary

6

APPROVED BY:

John L. Amsden
BECK, AMSDEN & STALPES PLLC

By _____     Date: _____12/18/2019_____
John L. Amsden

7

## LIMITED RELEASE AND SETTLEMENT AGREEMENT
## BILLINGS CLINIC PLAN PARTICIPANTS

RELEASOR:

Barb Moser; in her representative capacity under 29 U.S.C. § 1132.

RELEASEES:

Billings Clinic; Billings Clinic Employee Benefit Plan and Trust ("the Plan"); past and present trustees and fiduciaries of the Plan and their attorneys and law firms of record in this action; past and present advisory committee members of the Plan; past and present directors, officers and managers of Billings Clinic and their attorneys and law firms of record in this action; Officers (past and present), directors (past and present).

BARRED CLAIMS:

Any and all claims of any kind or nature, whether presently known or unknown against Releasees that arose prior to the date of the Court's Final Bar Order in the Civil Action, arising out of or related to: (1) any factual matters or claims described in Plaintiffs' Complaint or Amended Complaints in the Civil Action; (2) any factual matters or claims described in Plaintiffs' briefs in the Civil Action; (3) any factual matters, damages, or claims addressed in expert reports filed with the Court by Plaintiffs in the Civil Action; and (4) any other claims within the scope of the Notice of Settlement approved by the Court in the Civil Action.

SUM OF SETTLEMENT:

Two Million Four Hundred Seventy Thousand One Hundred dollars ($2,470,100) comprised of: (1) $1,570,100 paid to settle Plaintiffs' claims in the Civil Action; and (2) $900,000 to pay attorneys' fees and costs claimed by Plaintiffs' attorneys in the Civil Action. This Sum of Settlement is the same as the Sum of Settlement in the substantially similar Agreement with the Billings Clinic Plan and is

1

**EXHIBIT**

**5.2**

exhibitsticker.com

not in addition to the Sum of Settlement
referenced therein.

CIVIL ACTION:                United States District Court for the District of
                             Montana, Great Falls Division, Cause No. CV-
                             17-141-GF-BMM, captioned *Audrey Turner et
                             al. v. Northern Montana Hospital et al.*

## 1.   Release

The above-identified Releasor acknowledges receipt of the above sum of money,
made payable to Plaintiffs' attorneys' trust account, and in consideration for payment of
such sum, fully and forever release and discharge Releasees, Releasees' heirs, personal
representatives, successors, assigns, partners, employees and attorneys and law firms of
record in the Civil Action from any and all actions, claims, causes of action, demands, or
expenses for damages or injuries, whether asserted or unasserted, known or unknown,
foreseen or unforeseen, arising out of the Barred Claims and/or any of the acts alleged in
the Civil Action.  In addition to this Release, Releasor agrees that a condition of this
Settlement Agreement is entry of a mutually agreeable Final Bar Order by the Court in
the Civil Action.

The parties acknowledge and agree that the Settlement Sum paid above is made
solely for settlement purposes and that the Releasees make no assertion concerning the
proper characterization of the settlement funds, including but not limited to whether the
settlement funds constitute an employer contribution to the Plan, a restoration of Plan
benefits, or additional wages outside of a cafeteria plan election.

To the extent any such characterization determinations must be made in
connection with this Settlement Agreement, the parties acknowledge that Ross
Richardson, as an independent fiduciary on behalf of the Plan (the "Trustee") for
purposes of approving the settlement, or any other person appointed by the Court for such
purposes, shall make any such determinations.  Furthermore, to the extent any excess
settlement funds exist due to nonresponsive participants who are notified of this
Settlement Agreement, the Trustee or any other person appointed by the Court for
purposes of acting as an independent fiduciary, will make all determinations regarding
such funds.

To the extent the Settlement Sum is characterized as relief under 29 U.S.C.A. §
1132(a)(2) and subject to *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) and
*Adamson v. Armco, Inc.*, 44 F.3d 650 (8th Cir. 1995), the Trustee approves a release by
the Plan of any potential claims that the Plan and Trust might have to receive and deposit
the Settlement Sum into the Plan and Trust.

## 2. Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary

The parties acknowledge and agree that the Court has appointed the Trustee an independent fiduciary for the Plan for purposes of approving the Settlement Agreement.

## 3. Future Damages

Inasmuch as the injuries, damages, and losses resulting from the events described herein may not be fully known and may be more numerous or more serious than it is now understood or expected, the Releasor agrees, as a further consideration of this agreement, that this Release applies to any and all injuries, damages and losses resulting from the Barred Claims described herein and/or acts alleged in the Civil Action, even though now unanticipated, unexpected and unknown, as well as any and all injuries, damages and losses which have already developed and which are now known or anticipated.

## 4. No Admission of Liability

It is understood that the above-mentioned sum is accepted as the sole consideration for full satisfaction and accord to compromise a disputed claim, and that neither the payment of the sum by or on behalf of Releasees nor the negotiations for settlement shall be considered as an admission of liability. Billings Clinic expressly denies Plaintiffs' allegations in the Civil Action. More specifically, Billings Clinic denies that it breached any fiduciary duty.

## 5. Employee Retirement Income Security Act of 1974 ("ERISA") Specific Provisions

a)    Releasees make no assertion whether ERISA applies to the Settlement Sum.

b)    To the extent ERISA might apply to the Settlement Sum, the parties intend to comply with statutory prohibited transaction exemptions pursuant to 29 U.S.C.A. § 1108, including the Trustee's findings regarding reasonableness.

c)    A condition to this Settlement Agreement is that the Court in the Civil Action determine and that Releasor and her attorneys have determined that the requirements of PTE 2003-39 are met for this Settlement Agreement. The conditions related to PTE 2003-39 are outlined in the Proposed Order Granting Motion for: (1) Preliminary Approval of Settlements; (2) Appointment of Independent Fiduciary and Limited-Scope Temporary Fiduciary; (3) Approval of Form and Timing of Proposed Notice of Settlements and Opportunity to Object; (4) Approval of Bar Order; and (5) Setting Hearing for Final Approval.

## 6.    Apportionment of Payment amongst Releasor, to Lienholders and Indemnification

This settlement payment shall be apportioned by the Trustee, to any individuals, insurers, companies, agencies, workers' compensation insurers or agencies, governmental agencies, political subdivisions, or attorneys who may have valid liens or rights of subrogation or reimbursement arising from the Barred Claims.

## 7.    No Additional Claims

Releasor represents that, other than the claims currently pending against Releasees, no additional claims are contemplated against any other party potentially liable for the losses, damages, and claims for which this Release is given, with the exception of claims against Travelers Casualty & Surety Company ("Travelers'") ("Additional Claims"). Claims against Travelers are NOT released.

## 8.    Stipulation for Dismissal with Prejudice of Claims against Releasees

The parties stipulate and agree that after final approval of the Settlement Agreement contemplated herein and as set forth in Plaintiffs' Supplement to Motion for Preliminary Approval of Settlements (Docs. 187 & 188 of the Civil Action), Plaintiffs' attorney of record shall dismiss with prejudice, as fully settled upon the merits, the claims against Releasees alleged in the above-described Civil Action. Each party shall pay their respective costs and attorneys' fees, with the exception of the attorneys' fees payments to Plaintiffs' attorneys contemplated by this Agreement.

## 9.    Taxation

Neither Releasees nor Releasees' attorneys make any representations about the taxability of any portion of the consideration made in exchange for this Release and Settlement. Releasor acknowledges that the Plan, through the Trustee, will issue applicable federal and state tax reporting forms related to the Settlement Sum. Releasor further acknowledges and agrees that: (i) Releasees have not provided any tax advice with respect to the tax consequences relating to the Settlement Sum; (ii) Releasor is not relying on Releasees for any tax advice; (iii) Releasor has been advised to consult with a qualified tax or financial consultant regarding the tax consequences relating to the Settlement Sum; and (iv) Releasor understands that any state or federal taxes on any portion of the Settlement Sum received is Releasor's own responsibility.

## 10.    Severability

Should any provision of this Agreement be determined to be unenforceable, all remaining terms and clauses shall remain in force and shall be fully severable.

4

## 11.   Choice of Law

The laws of the State of Montana shall apply to the interpretation of this agreement, subject to any applicable federal preemption.

DATED this _____ day of December, 2019.

**CAUTION: READ BEFORE SIGNING!**

_____
Releasor – Barb Moser

STATE OF MONTANA           )
                                                   :ss.
County of _____     )

This instrument was acknowledged before me on the _____ day of December, 2019, by Releasor.

_____
Notary Public

Notary

APPROVED BY:

John L. Amsden
BECK, AMSDEN & STALPES PLLC

By _____          Date: _____
      John L. Amsden

5